UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 08-20738 CIV-JORDAN
CASE NO. 07-21827 CIV-JORDAN
(Consolidated)

PLATYPUS WEAR, INC., et al.

    Plaintiffs/Counter-Defendants,

v.

HORIZONTE FABRICACAO DISTRIBUICAO
IMPORTACAO E EXPORTACAO LTDA,
a/k/a HORIZONTE LTDA., et al.

    Defendants/Counterclaimant.
_____/

## HORIZONTE LTDA'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY AND REPORTS OF PLATYPUS WEAR DAMAGES EXPERT ANDREW C. BERNSTEIN

Horizonte Ltda., by counsel, hereby moves *in limine* to exclude opinions of Platypus Wear's damages expert, Andrew C. Bernstein, pursuant to S.D. Fla. Local Rule 16.1(J), and as grounds in support thereof states as follows:

### INTRODUCTION

Platypus Wear retained Bernstein to determine the economic damages it could claim, assuming it prevailed on its claims against Horizonte under U.S. law.[1] In his report, Bernstein calculates Platypus Wear's claimed damages based on "implied royalties" that Platypus Wear would have received from Horizonte's sales of BAD BOY POWER DRINK, if Horizonte had been Platypus Wear's licensee.[2] His opinions, however, lack foundation, as none of Horizonte's sales took place in the United States, and Platypus Wear's claims under U.S. law do not extend

---

[1] Exhibit A, Expert Report of Andrew C. Bernstein, p. 3.
[2] See Exhibit A, Expert Report of Andrew C. Bernstein.

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

extraterritorially.

Furthermore, Bernstein offered an improper "rebuttal" report critiquing the damage claims Horizonte has made in its Counterclaim.[3] That critique should have been included in Bernstein's original report. Raising this new issue in a "rebuttal" report is unfairly prejudicial to Horizonte, and Bernstein's "rebuttal" report and testimony on the subject should be excluded.

## DISCUSSION

A motion *in limine* serves to exclude irrelevant, prejudicial, or otherwise inadmissible evidence prior to trial to prevent the prejudice of the parties. *See Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *see also Harbor Ins. Co. v. Continental Bank Corp.*, 1991 U.S. Dist. LEXIS 15272 (N.D. Ill. 1991). In this case, Bernstein seeks to proffer irrelevant and unreliable conjecture the admission of which would substantially prejudice Horizonte and violate the Federal Rules of Evidence. Bernstein's opinion fails to meet the express requirements of Fed.R.Evid. 702, *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and its progeny in the Eleventh Circuit.

The Federal Rules of Evidence permit expert witnesses to offer an informed opinion on "matters outside the scope of what is presumed to be a jury's ordinary knowledge." *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1250 (11th Cir. 2007); Fed. R. Evid. 702. "The court serves as a gatekeeper, charged with screening out experts whose methods are untrustworthy or whose expertise is irrelevant to the issue as hand." *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1250 (11th Cir. 2007), citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590-93 (1993). "This [gatekeeping] function 'inherently requires the trial court to conduct an exacting analysis' of the foundations of expert opinions to ensure they meet the standards for admissibility under

---

[3] See Exhibit B, Rebuttal Report of Andrew C. Bernstein.

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

2

[Fed. R. Evid.] *Rule 702.*" *U.S. v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004), quoting *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1257 (11th Cir. 2002).

> For expert testimony to be admissible under Fed.R.Evid. 702,
>
> the *proponent of the testimony must show* that: (1) the expert is qualified to testify competently regarding matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1250 (11th Cir. 2007), quoting *Maiz v. Virani*, 253 F.3d 641, 665 (11th Cir. 2001) (emphasis added). "The burden of laying a proper foundation for the admissibility of an expert's testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence." *Aerospace Marketing, Inc. v. Ballistic Recovery Systems, Inc.*, 2005 U.S. Dist. LEXIS 45927 * 5 (M.D. Fla. May, 20, 2005), quoting *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1261 (11th Cir. 2004); *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002). Platypus Wear has failed to meet this burden.

### I. Bernstein's Calculations Are Not Based On Sales In the United States, But On Extraterritorial Sales In Brazil, Which Are Not Subject To U.S. Law Or This Lawsuit.

Bernstein opines that "[i]mputed royalties [are] due to the plaintiff as a result of Horizonte's infringement on the BAD BOY Trademarks and/or BAD BOY Copyrights from August 1, 2003 through December 31, 2011. The infringement period includes the historical period during which Horizonte was selling the infringing Energy Drinks and Bars in ***Brazil*** and elsewhere bearing PWI's BAD BOY Trademarks and BAD BOY Copyrights."[4] This opinion impermissibly computes damages based on the use of trademarks in Brazil.

---

[4] Exhibit A, Expert Report of Andrew C. Bernstein, p. 6 (emphasis added).

Platypus Wear concedes that the U.S Lanham Trademark Act has no extraterritorial application.[5] *See Steele v. Bulova Watch Co.*, 344 U.S. 280; *see also Int'l Café v. Hard Rock Café Int'l*, 252 F.3d 1274 (11th Cir. 2001). Further, the Eleventh Circuit has determined that "federal copyright law has no extraterritorial effect, and cannot be invoked to secure relief for acts of infringement occurring outside the United States." *Palmer v. Braun*, 376 F.3d 1254, 1258 (11th Cir. 2004). "Thus, it is only where an infringing act occurs in the United States that the infringement is actionable under the federal Copyright Act, giving the federal courts jurisdiction over the action." *Id.*

Platypus Wear has shown no sales by Horizonte inside the United States.[6] And it cannot predicate a claim for damages on sales outside the United States. *Id.* Since sales outside the United States are not a fact in issue, Bernstein's calculation of damages cannot assist "the trier of fact … understand the evidence or to determine a fact in issue." *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1250 (11th Cir. 2007), quoting *Maiz v. Virani*, 253 F.3d 641, 665 (11th Cir. 2001).

Horizonte's sales in Brazil are not the subject of this U.S. lawsuit, but of a Brazilian lawsuit that Platypus Wear brought earlier against Horizonte. In May 2006 Platypus Wear filed a civil action against Horizonte in Brazilian state court in Sao Paolo, seeking an injunction and money damages for Horizonte's alleged infringement of Platypus Wear's BAD BOY trademarks and copyright.[7] That suit seeks monetary damages for all of Horizonte's allegedly infringing use of the BAD BOY.[8] It seeks recompense for all benefits Platypus Wear would have accrued if the alleged infringement had not occurred, for all profits accrued by Horizonte, and *for all amounts*

---

[5] D.E. 397, Platypus Wear Response to Horizonte Motion for Summary Judgment, p. 18 ("Horizonte makes much of the territorial limits of the Lanham Act. But this discussion lacks import to the instant case.").
[6] D.E. 375, Horizonte Motion for Summary Judgment, pp 12-17.
[7] DE 375-7 November 13, 2009 Declaration of Horizonte Brazilian attorney Luiz Jimenez, ¶¶ 2, 3; DE 375-6, Declaration of Platypus Wear Brazilian attorney Ricardo Pinho, ¶¶ 13-15; DE 375-11, Declaration of Fernando Caldas Jr., ¶ 17.
[8] DE 375-7 November 13, 2009 Declaration of Horizonte Brazilian attorney Luiz Jimenez, ¶¶ 4, 7.

*Horizonte would have paid if it had been licensed by Platypus Wear.*[9] This clearly overlaps the "imputed royalties" to which Bernstein refers in the present case. The Brazilian civil action is still pending.[10]

Moreover, Platypus Wear filed another lawsuit in Brazilian federal Court on May 4, 2006. The lawsuit challenges Horizonte's right to retain the nine Brazilian BAD BOY trademark applications/registrations that Big Blue Comercio assigned to it.[11] Platypus Wear's Brazilian counsel, Ricardo Pinho Esq., has averred that he had to bring the suit against Horizonte in Brazilian federal Court because that is the Court that must decide the rightful ownership of Brazilian trademarks.[12] All of the necessary parties to the case are before the Brazilian Federal Court: Platypus Wear, Horizonte, Big Blue Comercio, and the Brazilian Patent and Trademark Office (the INPI), which will record the ownership of the Brazilian trademarks in accordance with the Brazilian federal Court's ruling.[13] Only two of those parties are before this Court. Since each nation's trademark laws are territorial in nature, *Hard Rock Cafe*, 252 F.3d at 1279, the Brazilian federal Court's ruling will determine whether Horizonte's ownership and use of those marks in Brazil is infringing or not. In other words, the Brazilian federal Court's decision as to the rightful ownership of those Brazilian marks must necessarily precede, not follow, any determination as to damages from use of the disputed trademarks in Brazil. Bernstein has made his Brazilian damage calculation in the wrong court.

---

[9] DE 375, Horizonte Motion for Summary Judgment; DE 375-7, November 13, 2009 Declaration of Horizonte Brazilian attorney Luiz Jimenez, ¶ 6; DE 375-11, Declaration of Fernando Caldas Jr., ¶ 18.
[10] DE 375-11, Declaration of Fernando Caldas Jr., ¶ 18.
[11] DE 375-6, Declaration of Platypus Wear Brazilian attorney Ricardo Pinho, ¶¶ 9-11;
DE 375-7, Sept. 9, 2008 Declaration of Horizonte Brazilian attorney Luis Jimenez, p. 1; DE 375-11, Declaration of Fernando Caldas Jr., ¶ 17.
[12] DE 375-6, Declaration of Platypus Wear Brazilian attorney Ricardo Pinho, ¶¶ 9-11.
[13] DE 375-7, Sept. 9, 2008 Declaration of Horizonte Brazilian Attorney Luis Jimenez, p. 1; DE 375-11, Declaration of Fernando Caldas Jr., ¶ 17.

The methodology by which Bernstein reaches his conclusions is not sufficiently reliable to assist a jury, *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1250 (11th Cir. 2007), and in fact would be prejudicial, as it overstates Platypus Wear's claims under the U.S. civil action. Bernstein's inclusion of damages from Horizonte's Brazilian use of BAD BOY poses a significant risk of unjustly enriching Platypus Wear with a double recovery for a single injury. *F.W.F. Inc. v. Detroit Diesel Corp.*, 494 F. Supp. 2d 1342 (S.D.Fla. 2007), *citing* 25 Am. Jur. 2d *Election of Remedies* § 13 (2007). *See Tonti Properties v The Sherwin-Williams Co.*, 2000 U.S. Dist. LEXIS 8531, * 2-* 5 (E. D. La.) (in which the court granted the defendants motion in limine precluding the plaintiff from arguing for what amounted to double recovery before the jury).

Accordingly, Bernstein's opinion is unreliable and inadmissible under Fed.R.Evid. 702. Any probative value attributed to Bernstein's imputed royalty calculation is "substantially outweighed by the danger of … misleading the jury, or … undue delay, waste of time or needless presentation of cumulative evidence." Fed.R.Evid. 403. Accordingly, the portion of Bernstein's damage calculation that is based on Horizonte's Brazilian sales should be excluded.

## II. Bernstein's "Rebuttal Report" Impermissibly Presents New Opinions In Violation of Fed. R. Civ. P. 26

Bernstein filed an initial report opining on Platypus Wear's damage claims,[14] and then, a month later, filed a "Rebuttal Report," critiquing Horizonte's damage claims.[15] The "Rebuttal" report, which raised the subject of Horizonte's damage claims for the first time, was improper. "'Disclosure of expert testimony' within the meaning of the federal rule contemplates not only the identification of the expert, but also the provision of a written expert report containing '*a complete statement of all opinions*' and 'the basis and reasons therefore.'" *Reese v. Herbert,* 527

---

[14] Exhibit A, Expert Report of Andrew C. Bernstein
[15] Exhibit B, Rebuttal Report of Andrew C. Bernstein.

F.3d 1253, 1265 (11th Cir. 2008), *citing* Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). "Expert reports must not be sketchy, vague or preliminary in nature and the disclosure must not be used as a means to extend a discovery deadline." *Dyett v. North Broward Hosp. District,* 2004 U.S. Dist. LEXIS 30473, 2004 WL 53220630, * 1 (S.D. Fla. 2004), *citing Salgado v. General Motors Corp.,* 150 F.3d 735, 742 n.6 (7th Cir. 1998); *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.,* 47 F.3d 277, 284 (8th Cir. 1995)); *see also* Fed. R. Civ. P. 26(a)(2) Advisory Committee's Notes (1993). A "preliminary report" does not suffice under Rule 26. *Dyett v. North Broward Hosp. District,* 2004 U.S. Dist. LEXIS 30473, 2004 WL 53220630, * 1 (S.D. Fla. Jan. 21, 2004); *Hallmark Developers, Inc. v. Fulton County, Georgia,* 2004 U.S. Dist. LEXIS 30616 *6 (N.D. Ga. Sept. 27, 2004) (finding requirements of Rule 26 not met where reports required "further revision and analysis"); *see e.g., Salgado v. General Motors Corp.,* 150 F.3d 735, 742 n.6 (7th Cir. 1998); *Smith v. State Farm Fire and Casualty Co.,* 164 F.R.D. 49, 53 (S.D. W.Va. 1995) ("[a] 'preliminary' report is not contemplated by the Rule [26]. . . .").

Bernstein's initial report solely addressed Platypus Wear's purported damages. As evidenced by Bernstein's so-called "Rebuttal" report, Bernstein's opinions included attacks on Horizonte's calculation of damages based on evidence available to Bernstein before he filed his initial report. Bernstein's flagrant failure to comport with the requirements of the Fed.R.Civ.P. and S.D. Fla. Local Rule 16.1(K) warrants excluding the opinions set forth in his initial report from trial pursuant to Fed.R.Civ.P. 37.

Bernstein's "Rebuttal" report proffers inadmissible opinions based on evidence available before his initial disclosure. *AlphaMed Pharms. Corp. v. Arriva Pharms., Inc.,* 2005 U.S. Dist. LEXIS 45923 * 23-24 (S.D.Fla Aug. 24, 2005) (a purported "supplemental" expert report, filed after the deadline for initial expert disclosures, offering new opinions based on information

available before filing the initial disclosure is inadmissible). In his report, Bernstein attacks each of Horizonte's seven categories of damages.[16] As Bernstein states, the grounds for each claim were set forth in Horizonte's responses to Platypus Wear's interrogatories as well as the testimony and exhibits from the Gilberto Cavalcante's (Cavalcante) deposition.[17] Horizonte's responses to Platypus Wear's interrogatories and the testimony and exhibits from the Cavalcante deposition were available before Bernstein's initial report. In fact, Bernstein admits he reviewed these documents when preparing his initial report.[18]

Bernstein's untimely disclosure impedes Horizonte's preparation of its case. Bernstein did not address Horizonte's claim of damages until his so-called "Rebuttal" report—submitted on the last day to designate rebuttal experts. Accordingly, Horizonte was prevented from retaining an expert to rebut Bernstein's critique of Horizonte's calculations. This sort of gamesmanship exemplifies why "[c]ompliance with Rule 26 is 'not merely an aspiration....'" *Reese,* 527 F.3d at 1266, quoting *Cooper v. Southern Co.,* 390 F.3d 695, 728 (11th Cir. 2004), *overruled on other grounds by Ash v. Tyson Foods, Inc.,* 546 U.S. 454, 457-58 (2006)); *see also Sherrod v. Lingle,* 223 F.3d 605, 613 (7th Cir. 2000). "'[T]he expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise . . . .'" *Reese,* 527 F.3d at 1266 (quoting *Cooper v. Southern Co.,* 390 F.3d 695, 728 (11th Cir. 2004), *overruled on other grounds by Ash v. Tyson Foods, Inc.,* 546 U.S. 454, 457-58 (2006)); *see also Sherrod v. Lingle,* 223 F.3d 605, 613 (7th Cir. 2000). Excluding Bernstein's "Rebuttal" opinion from trial is the only way to prevent Platypus Wear's gamesmanship from further prejudicing Horizonte.

## CONCLUSION

---

[16] Exhibit B, Rebuttal Report of Andrew C. Bernstein, pp. 6-14.
[17] *See* Exhibit B, Rebuttal Report of Andrew C. Bernstein, pp. 6-14, ex. B p. 1.
[18] Exhibit A, Expert Report of Andrew C. Bernstein, ex. B at p. 1.

WHEREAS, Horizonte respectfully requests the Court exclude Bernstein's inadmissible opinions:

- His calculation of "implied royalties" based on Horizonte's extraterritorial sales in Brazil; and

- His "rebuttal" report and opinions regarding Horizonte's damage claims.

          CONCEPCION SEXTON & MARTINEZ
          355 Alhambra Circle, Suite 1250
          Coral Gables, Florida 33134
          Tel: (305) 444-6669
          Fax: (305) 444-3665

By:   /s/ Francis X. Sexton Jr.
        FRANCIS X. SEXTON, JR.
        Florida Bar No. 345423

/s/ James L. Bikoff

JAMES L. BIKOFF

/s/ David K. Heasley

DAVID K. HEASLEY

Silverberg, Goldman & Bikoff, LLP

Suite 120

1101 30th Street, N.W.

Washington, D.C. 20007

Tel. (202) 944-3300

Fax (202) 944-3306

*Attorneys for Horizonte Ltda., et al.*

**Certificate of Service**

I hereby certify that on this February 2, 2010 a copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which automatically sends electronic notice to:

>Michael Riney, Esq.
>Vantage Law Group
>600 W. Broadway, Suite 950
>San Diego, California 92101
>mriney@vantagelaw.com

>Steven E. Siff, Esq.
>McDermott Will & Emery LLP
>201 S. Biscayne Blvd. Suite 2200
>Miami, Florida 33131
>ssiff@mwe.com

>Karen B. King, Esq.
>Bad Boy Brands International, Inc.
>2411 Second Avenue
>San Diego, CA 92101
>kking@badboy.com

>*Attorneys for Platypus Wear, et al.*

>___s/Francis X. Sexton Jr._____