UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20738-CIV-JORDAN/MCALILEY

PLATYPUS WEAR, INC. and
PLATYPUS WEAR, INCORPORATED,
PW INDUSTRIES, INC. and ALEXANDRA
PONCE DE LEON,

    Plaintiffs/Counter-Defendants,

v.

HORIZONTE FABRICACAO
DISTRIBUICAO IMPORTACAO
E EXPORTACAO LTDA., a/k/a
HORIZONTE LTDA., FERNANDO CALDAS,
JR., and ROBERTO RAMOS,

    Defendants/Counterclaimants.
_____/

## REPORT AND RECOMMENDATION AND ORDER

Pending before this Court is Plaintiffs' (PWI's) Motion re: Horizonte's Failure to Comply with Order Compelling Production of Financial Documents Required to Fully Defend Alleged $50,000,000 Damage Counter-Claim [DE 308], which was referred by the Honorable Adalberto Jordan [DE 335]. The Motion is fully briefed. [DE 310-8, 333, 344, 345].

**1.    The Special Master's August 19, 2009 Order**

The Special Master[1] issued an order on August 19, 2009 (the "Order"), compelling

---

[1] The Court wishes to thank and commend Lawrence A. Kellogg, Esq. for his highly competent service as Special Master in this case.

Defendant Horizonte Ltda. to produce certain financial records, relevant to Horizonte's claim for damages asserted in its Counter-Claim. [DE 286]. That Order included the following directive:

> With respect to PWI's Request Number 101, Horizonte shall produce all income statements, balance sheets, and cash flow statements created during the period for which it seeks damages from PWI. Additionally, Horizonte shall produce its general ledger, or "diario", as of the last business day of each year for which Horizonte seeks damages.

[DE 286, ¶ 3]. The deadline for production was August 30, 2009, [DE 286, ¶ 6], selected so as to finalize production before the deadline for expert reports.[2]

## 2.   PWI's Motion

In its Motion PWI complains that Horizonte did not produce all documents required by the Special Master's Order. PWI claims that Horizonte acted willfully, that the non-produced documents are critical financial data that PWI must review in order to defend against Horizonte's $50,000,000 damages claim, and that without timely production of this information, PWI has been left unable to defend against that claim. PWI asks this Court to impose sanctions, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), which authorizes sanctions when a party fails to obey an order to provide discovery. PWI particularly cites subsection (ii) of that Rule, that authorizes a court to "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence...." Fed.R.Civ.P. 37(b)((2)(A)(ii). PWI asks the Court to barr

---

[2] Rebuttal expert summaries and reports were due on September 14, 2009. [DE 194].

Horizonte from submitting "any evidence or argument supporting its alleged damage claim." [DE 308, p. 15].[3] PWI characterizes this request for sanctions as "measured," compared to the draconian sanction of dismissal of Horizonte's entire Counter-Claim, which PWI does not seek. [*Id*.]. In reality, the solicited sanction would have the same effect as dismissal of the Counter-Claim, as it would preclude Horizonte from proving damages.

In its response, Horizonte disagreed with PWI's reading of the Special Master's Order, contending that the Order required a more narrow production of documents than that claimed by PWI. In particular, insofar as the Order required production of the "'diario', as of the last business day of each year for which Horizonte seeks damages," Horizonte claimed this required Horizonte to produce that document for only the 365th day of the year - not for each day of the year, as argued by PWI. [DE 333, p. 6]. Horizonte also claimed that it produced all income statements and balance sheets, and represented that it did not have any cash flow statements to produce. [DE 333, pp. 6-7].

3.  **The Special Master's follow-up reports**

Believing that the Special Master was in the best position to determine whether Horizonte's document production was consistent with his Order, I referred the matter to Special Master Kellogg. [*See* Order Referring Matter to Special Master, DE 442]. Special Master Kellogg reviewed the papers filed by the parties, conducted a hearing on the issues raised in the Motion, and reviewed supplemental materials submitted by Horizonte after the

---

[3] PWI seeks the very same relief, in a redundant Motion in Limine, that incorporates by reference this pending motion. That Motion in Limine is currently pending. [DE 459].

hearing, and on February 23, 2010 issued a report (the "First Report"). [DE 476]. The First Report found that Horizonte did not fully comply with Special Master's August 19th Order. The findings of the First Report are incorporated by reference herein. [*See* DE 476].

After review of the First Report, I again referred the matter to the Special Master to hear further argument from the parties, and consider additional evidence if appropriate, and to advise this Court, in sum, whether PWI has been prejudiced by Horizonte's failure to provide discovery, how that prejudice might be cured, and whether any sanctions are appropriate. [*See* Order of Referral to Special Master, DE 494].

The Special Master held an evidentiary hearing on March 5, 2010, and on March 9, 2010, issued a Second Report. [DE 514]. It is evident from that report that Mr. Kellogg has carefully, thoroughly and fairly considered the issues before him. As with his First Report, Mr. Kellogg made findings, which I incorporate by reference. [*See* DE 514].

4.  **Order**

For the reasons stated in the Second Report, which I hereby adopt, it is hereby ORDERED that **no later than March 17, 2010**, Horizonte produce its general ledger, for the years 2000 through 2008, to PWI, and do so in electronic format. It is further

ORDERED that PWI's request that Horizonte be required to list, by date and bates number, every document responsive to every category of document ordered to be produced in the August 19, 2010 Order of the Special Master, is **denied**.

5.  **Recommendations**

I RECOMMEND that Judge Jordan adopt the findings of fact made by the Special Master in his First and Second Reports, and that he adopt the Special Master's recommendations, offered in his Second Report, and enter the following orders:

a.  That Plaintiffs' (PWI's) Motion re: Horizonte's Failure to Comply with Order Compelling Production of Financial Documents Required to Fully Defend Alleged $50,000,000 Damage Counter-Claim [DE 308], be granted in part and that the following remedies be ordered;

b.  That PWI be given the opportunity to provide a modified or supplemental expert witness report on Horizonte's damages;

c.  That PWI be granted leave to file, if justification is present, an application for reimbursement of expert witness fees incurred in preparing a supplemental report, to the extent that the expert witness' prior work product was rendered unusable due to Horizonte's late production of its general ledgers;

d.  That PWI's request to take an additional Rule 30(b)(6) deposition of Horizonte be denied;

e.  That Horizonte reimburse PWI attorneys fees in the amount of $25,309.00, as a sanction under Federal Rule of Civil Procedure 37(b)(2)A), for its failure to to comply with the Special Master's August 19, 2009 Order;

f.  That in all other respects, PWI's motion for sanctions [DE 308], be denied;

    g.    That Plaintiffs' Motion in Limine to Preclude Horizonte From Putting on Evidence or Argument Re: Alleged Counter-Claim Damages Due to Failure to Comply with Discovery Order [DE 459], be denied as moot.

## IV. Objections Period

Pursuant to Magistrate Rule 4(a), the parties may file written objections to this Report and Recommendation with the Honorable Adalberto Jordan within **14 days** of the date of this Report and Recommendation. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *See RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 10th day of March, 2010.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Adalberto Jordan
       Lawrence Kellogg, Special Master
       All counsel of record