**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 08-20738 CIV-JORDAN
CASE NO. 07-21827 CIV-JORDAN
(Consolidated)**

PLATYPUS WEAR, INC., *et al*.,

                Plaintiffs/Counter-Defendants,

    v.

HORIZONTE FABRICACAO DISTRIBUICAO
IMPORTACAO E EXPORTACAO LTDA,
a/k/a HORIZONTE LTDA., *et al.*
                Defendants/Counterclaimant.
_____/

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

1

**<u>Defendant/Counterclaimant Horizonte's Jury Instruction No. 1.1</u>**
**<u>Preliminary Instructions Before Trial</u>**

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact. I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision. The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

*Transcripts Not Available*
You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

*Exhibits Will Be Available*
On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

*Note taking – Permitted*
If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually. If you do decide to take notes, do not try to write everything down because you will get so involved in note taking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates and places - - things that might be difficult to remember. Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes. If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law. Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if

I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendant[s] will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict. Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show. I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

**Authority:**

11th Cir Pattern Jury Instructions 1.0

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 2.1**
**Jury To Be Guided By Official English Translation/Interpretation**

*Introduction and Oath to Interpreter*
The law requires that the court appoint a qualified interpreter to assist a witness who does not readily speak or understand the English language in testifying. The interpreter does not work for either side in this case. [He] [She] is completely neutral in the matter and is here solely to assist us in communicating with the witness. [He] [She] will repeat only what is said and will not add, omit, or summarize anything. The interpreter in this case is (insert name of interpreter). The oath will now be administered to the interpreter.

*Oath to Interpreter*
Do you solemnly swear or affirm that you will make a true interpretation to the witness of all questions or statements made to [him] [her] in a language which that person understands, and interpret the witness's statements into the English language, to the best of your abilities, So Help You God.

*Foreign Language Testimony*
You are about to hear testimony of a witness who will be testifying in (language used). This witness will testify through the official court interpreter. Although some of you may know (language used), it is important that all jurors consider the same evidence. Therefore, you must accept the English translation of the witness's testimony. You must disregard any different meaning.

If, however, during the testimony there is a question as to the accuracy of the English interpretation, you should bring this matter to my attention immediately by raising your hand. You should not ask your question or make any comment about the interpretation in the presence of the other jurors, or otherwise share your question or concern with any of them. I will take steps to see if your question can be answered and any discrepancy resolved. If, however, after such efforts a discrepancy remains, I emphasize that you must rely only upon the official English interpretation as provided by the court interpreter and disregard any other contrary interpretation.

**Authority:**

11th Cir Pattern Jury Instructions 1.10

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 2.1.1**
**Closing Instructions**

Members of the jury, I shall now instruct you on the law that you must follow in reaching your verdicts. It is your duty as jurors to decide the issues, and only those issues, that I submit for determination by your verdict. In reaching your verdict, you should consider and weigh the evidence, decide the disputed issues of fact, and apply the law on which I shall instruct you, to facts as you find them from the evidence.

The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence, and all facts that may be admitted or agreed to by the parties.

In determining the facts, you may draw reasonable inferences from the evidence. You may make deductions and reach conclusions which reason and common sense lead you to draw from the facts shown by the evidence in this case. But you should not speculate on any matters outside the evidence.

**Authority:**

11th Cir Pattern Jury Instructions 2.1

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 2.2**
**Consideration Of The Evidence, Duty To Follow Instructions -- Corporate Party Involved**

*Impartiality*
In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

*Corporate Party*
The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

*Evaluating the Evidence*
In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

**Authority:**

11th Cir Pattern Jury Instructions 2.2

6

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 2.3**
**Credibility Of Witnesses**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

**Authority:**

11th Cir Pattern Jury Instructions 3

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 2.3.1**
**Impeachment Of Witnesses – Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial. You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Authority:**

11th Cir Pattern Jury Instructions 4.1

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 2.4**
**Expert Witnesses**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters. Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

**Authority:**

11th Cir Pattern Jury Instructions 5.1

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 2.5**
**Burden of Proof**

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.  If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

**Authority:**

11th Cir Pattern Jury Instructions 6.2

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 3.1**
**Agency**

Horizonte contends that Platypus Wear is responsible for the acts and omissions of the following persons acting as agents on Platypus Wear's behalf: Big Blue Comercio, Nair Afonso, Marco Merhej, Laurens Offner, Robin Offner, Elisa Santucci, Melody Harris, Karen King, Ricardo Pinho, Rick Metcalf, Alexandra Ponce de Leon, Sylvia Caira. PWI contends that Horizonte is responsible for the acts and omissions of the following persons acting as agents on Horizonte's behalf: Fernando Caldas, Sr., Fernando Caldas, Jr., Roberto Ramos, Frederico Menano, James Bikoff and David Heasley.

An agent is a person who is employed to act for a principal, and whose actions are controlled by his or her principal or are subject to his or her principal's right of control.

A principal can create the appearance of an agent's authority in any of the three following ways: (1) by knowingly permitting an agent to act in a certain manner as if he or she were authorized; (2) by failing to correct a known misrepresentation by an agent that he or she has certain authority; or (3) by silently acting in a manner which creates a reasonable appearance of an agent's authority.

A principal who puts an agent in a position that enables the agent, while apparently acting within his or her authority, to commit a fraud upon third persons is subject to liability to such third persons for the fraud. A principal who otherwise would be liable to a third person for the misrepresentations of an agent, made while apparently acting within his or her authority, is not relieved from liability by the fact that the apparent agent acts entirely for his or her own purposes, unless the third person has notice of this. The principal's authorization or knowledge of the agent's misrepresentations or deceit are irrelevant.

**Authority:**

Fla 3.3, modified

Restatement of the Law, Second, Agency, § 1

*Monroe Sys. for Business v. Intertrans Corp.*, 650 So. 2d 72, 75 (Fla. 3[d] DCA 1994); *Moro-Romero v. Prudential-Bache Secur., Inc.*, 1991 U.S. Dist. LEXIS 20169, at *7-13 (S.D. Fla. 1991); *Ja Dan, Inc. v. L-J, Inc.*, 898 F. Supp. 894, 899-900 (S.D. Fla. 1995); *De Sterling v. Bank of Am., N.A.,* 2009 U.S. Dist. LEXIS 103923, at *8 (S.D. Fla. Nov. 5, 2009)

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 3.2**
**Trademark Infringement**

Plaintiff contends that Defendant Horizonte's use of the "Bad Boy-Face" image and word mark in the United States in connection with Horizonte's products violated the federal Lanham Act by creating the false or misleading impression among United States consumers that the infringing copies were authorized, sponsored, or approved by Platypus Wear, and also violated the federal Lanham Act by creating the false or misleading impression among United States consumers that Defendant Horizonte was sponsored by or affiliated, connected or associated with Platypus Wear. To help you understand the evidence that will be presented in this case, I will explain some of the legal concepts you will hear about during the trial.

*Definition of a Trademark*
A trademark is a word, name, symbol, device, or a combination of these items that indicates the source of goods. The owner or exclusive licensee of a mark has the right to prevent others from using the same mark or a similar mark that is likely to cause confusion in the marketplace.

*How a Trademark Is Obtained*
A person acquires the right to prevent others from using the same mark or a similar mark that is likely to cause confusion in the marketplace by being the first to use it in the marketplace. The owner of a trademark has the right to prevent others from using the same mark or a similar mark that is likely to cause confusion in the marketplace [unless the trademark has been abandoned].

*Trademark Interests*
The owner of a trademark may transfer, give, or sell to another person the owner's interest in the trademark. This type of agreement is called an assignment, and the person who receives the owner's interest is called an assignee and becomes the owner of the mark. To be enforceable, the assignment must be in writing and signed. It must also include the goodwill of the business connected with the trademark. The owner of a trademark may also enter into an agreement that permits another person to use the trademark. This type of agreement is called a license, and the person permitted to use the trademark is called a licensee. In an action for infringement, a trademark owner or exclusive licensee may enforce the right to prevent others from using the same mark or a similar mark that is likely to cause confusion in the marketplace.

*Trademark Registration*
The owner of a mark may apply to obtain a certificate of registration issued by the United States Patent and Trademark Office by submitting an application showing use of the mark in commerce or showing a bona fide intent to begin such use and then in fact using the mark in commerce. After obtaining a trademark registration certificate, the owner, in an action for infringement, may rely on the certificate to create a presumption that the mark is valid, that the registrant owns it, and that the owner has the right to prevent others from using the same mark or a similar mark that is likely to cause confusion in the marketplace in connection with the type of goods specified in the certificate. These presumptions in favor of the owner created by the certificate of registration can be overcome or rebutted only by certain types of evidence that I will describe to you later as appropriate.
Trademark law is territorial. Thus, use of any word, term, name or symbol identical to or substantially similar to any word, term, name or symbol registered as a United States Trademark to

identify goods or services, or any container for goods, outside the United States is not actionable under the federal Lanham Act.  Such claims must be brought in the country where the use was alleged and is subject to the laws of that country.

### *Likelihood of Confusion*

To prove infringement, plaintiff must prove, by a preponderance of the evidence, that defendant, without plaintiff's consent, used in United States commerce a reproduction, copy, counterfeit, or colorable imitation of plaintiff's mark in connection with the distribution or advertisement of goods, such that defendant's use of the mark is likely to cause confusion as to the source of the goods. It is not necessary that the mark used by defendant be an exact copy of plaintiff's mark. Rather, plaintiff must demonstrate that, when viewed in its entirety, the mark used by defendant is likely to cause confusion in the minds of reasonably prudent purchasers or users as to the source of the product in question.

### *Burden of Proof*

Plaintiff has the burden of proving by a preponderance of the evidence that plaintiff is the owner of a valid trademark and that defendant infringed that trademark. Defendant contends that the trademark is invalid or has been abandoned. Defendant has the burden of proving by a preponderance of the evidence that the trademark is invalid or has been abandoned. Preponderance of the evidence means a fact is proven if the evidence persuades you that the fact is more probably true than not true.

### Authority:

ABA Litigation Section - Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation (2008) § 2.1

15 U.S.C. § 1125(a)

*Love v. Sanctuary Records Group, Ltd.*, slip opinion, 2010 U.S. App. LEXIS 13954 (9th Cir. July 8, 2010)

**<u>Defendant/Counterclaimant Horizonte's Jury Instruction No.</u>**
**<u>Trademark Assignment</u>**

The owner of a trademark may transfer, give, or sell the owner's interest in the mark to another person. This is called an assignment. To be enforceable, the assignment of the mark must also include the goodwill of the business connected with that mark. "Goodwill" is that part of the value of a business that reflects the propensity of buyers to continue doing business with that seller because the buyer likes and/or needs what the seller is selling. The person who receives the owner's interest in the mark is called an assignee and acquires all the rights of the assignor, including the right to prevent others from using the same or a similar mark that is likely to cause confusion in the marketplace. However, an assignee acquires only those rights owned by the assignor.

**Authority:**

ABA Litigation Section - Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation (2008) § 2.3.3

**Defendant/Counterclaimant Horizonte's Jury Instruction No.**
**Infringement of a Federally Registered Trademark—Elements**

To prove infringement of a federally registered mark, a plaintiff must prove, by a preponderance of the evidence, that:

1. plaintiff owns a mark that is registered in the U.S. Patent and Trademark Office; and
2. defendant used in commerce, without plaintiff's consent, a reproduction, copy, counterfeit, or colorable imitation of plaintiff's mark in connection with the sale, offering for sale, distribution, or advertising of goods or services, which use is likely to cause confusion.

It is not necessary that the mark used by the defendant be an exact copy of the plaintiff's mark. Rather, the plaintiff must demonstrate that, when viewed in its entirety, the defendant's use of his mark is likely to cause confusion in the minds of reasonably prudent purchasers or other relevant members of the public, as to the source, origin, sponsorship, approval or affiliation of the product or service in question.

**Authority:**

ABA Litigation Section - Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation (2008) § 2.4.2

*Love v. Sanctuary Records Group, Ltd.*, slip opinion, 2010 U.S. App. LEXIS 13954 (9th Cir. July 8, 2010)

**<u>Defendant/Counterclaimant Horizonte's Jury Instruction No.</u>**
**<u>False Designation of Origin and Infringement of Unregistered Marks</u>**

To prevail on a claim of false designation of origin or infringement of an unregistered mark, plaintiff must show, by a preponderance of the evidence, that:

1.   plaintiff is the owner of a valid trademark through priority of use in United States commerce and
2.   defendant's subsequent use in United States commerce, on or in connection with goods or services, of a word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendant with plaintiff, or as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by another person.

The term "origin," as used here, is not restricted to its geographical meaning, but rather, includes a representation regarding the origination of the product or service, such as from a particular manufacturer or seller.

It is not necessary that the mark used by defendant be an exact copy of plaintiff's mark. Rather, plaintiff must demonstrate that, when viewed in its entirety, defendant's use of his mark is likely to cause confusion in the minds of reasonably prudent purchasers or other relevant members of the United States public as to the source, origin, sponsorship or approval of the product or service in question, or as to affiliation, connection or sponsorship.

**<u>Authority:</u>**

ABA Litigation Section - Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation (2008) § 2.4.3

*Love v. Sanctuary Records Group, Ltd*., slip opinion, 2010 U.S. App. LEXIS 13954 (9th Cir. July 8, 2010)

16

**<u>Defendant/Counterclaimant Horizonte's Jury Instruction No.</u>**
**<u>Trademark Invalidity—Token Use</u>**

In defense against plaintiff's claim for trademark infringement, defendant claims that plaintiff's mark is invalid because plaintiff's use of the mark was only a token use. Token use is sporadic, casual, or transitory use not part of an ongoing program to exploit the mark commercially. The number of sales is not conclusive on this issue, but there must be a bona fide attempt to establish a trade or a market in the trademarked product or service. To find that plaintiff had a valid mark for goods or services, you must find that plaintiff's use of mark for the goods or services was not a token use.

**<u>Authority:</u>**

ABA Litigation Section - Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation (2008) § 2.5.7

**Defendant/Counterclaimant Horizonte's Jury Instruction No.**
**Trademark Invalidity—Abandonment**

In defense against plaintiff's claim for trademark infringement, defendant claims that plaintiff cannot enforce the mark because plaintiff has abandoned it. A mark is abandoned if you find by clear and convincing evidence that:

1.  plaintiff has discontinued using the mark with an intent not to resume use; or
2.  the mark has lost its significance or principal meaning as a result of non-use or other acts or omissions by plaintiff.

Whether or not plaintiff has abandoned the mark is a fact to be determined by you from all the circumstances in the case. Non-use of the mark for three consecutive years is presumed to be abandonment. If you find that the mark was not used for three consecutive years, then the burden shifts to plaintiff to prove, by a preponderance of the evidence, that it intended to resume commercial use within a reasonable time.

**Authority:**

ABA Litigation Section - Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation (2008) § 2.5.8

## Defendant/Counterclaimant Horizonte's Jury Instruction No.
## Concurrent Use

In certain situations, two companies may use the same word or term for competing goods or services concurrently, that is, at the same time, without incurring liability to each other. For this doctrine to apply, you must find that:

    1.   Defendant has become entitled to use the mark as a result of concurrent lawful use of the mark in commerce; and

    2.   Defendant establishes that there is no likelihood of confusion between the marks as a result of territorial distinctions of the place of use of the goods or services.

## Authority:

ABA Litigation Section - Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation (2008) § 2.5.12

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 3.3**
**Civil RICO – General Instruction**

In this case the Plaintiff claims that the Defendant violated a federal law known as the Racketeer Influenced and Corrupt Organizations Act (RICO), and the Plaintiff seeks an award of damages as compensation for that alleged violation.

It is unlawful under the so-called RICO statute for anyone associated with an "enterprise" to conduct, or to participate in conducting, the affairs of the enterprise through a "pattern of racketeering activity."

The term "enterprise" as defined in the law includes any partnership, corporation, association or other legal entity, and any union or other group of individuals associated in fact although not a legal entity, that is engaged in, or the activities of which affect, interstate commerce. In this case the Plaintiff claims that Laurens Offner, Big Blue Comercio and its two principals, Nair Afonso and Marco Merhej, Platypus Wear attorney Elisa Santucci and Horizonte constituted an "enterprise" within the meaning of the RICO law.

The term "racketeering activity" includes any act in violation of Title 18, United States Code relating to mail fraud (§ 1341) and wire fraud (§ 1343).

The term "pattern of racketeering activity" requires proof of at least two acts of "racketeering activity," sometimes called predicate acts, which must have been committed as part of a common plan or scheme and thus connected with each other as part of a pattern rather than being a series of isolated or disconnected acts.

So, in order to prevail on the RICO claim the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First: That the Defendant was associated with an "enterprise" as alleged and described by the Plaintiff and as defined in these instructions;

Second: That the Defendant "knowingly" committed at least two of the predicate acts hereafter described;

Third: That the predicate acts formed a pattern by having the same or similar purposes, results, participants, victims, or methods of commission, or were otherwise interrelated by distinguishing characteristics so that they were not isolated events;

Fourth: That the predicate acts amounted to, or threatened the likelihood of, continued criminal activity posing a threat of continuity projecting into the future;

Fifth: That through the commission of the two or more connected predicate acts, the Defendant conducted or participated in the conduct of the affairs of the "enterprise;"

Sixth: That the "enterprise" was engaged in, or that its activities affected, interstate commerce; and

Seventh: That the Plaintiff was injured in its business or property as a proximate result of the Defendant's commission of the pattern of racketeering activity.

The first fact the Plaintiff must prove, therefore, is that the Defendant was associated with an "enterprise," as previously defined. The second fact the Plaintiff must prove is that the Defendant knowingly committed at least two so-called "predicate acts." To act "knowingly" means to act voluntarily and intentionally, and not because of mistake or accident. The "predicate acts" claimed by the Plaintiff are [describe the specific transactions alleged as predicate acts and further define, if necessary (i.e., if not already covered elsewhere in the instructions) the essential elements of the underlying offense].

The "predicate acts" alleged by the Plaintiff would constitute a mail fraud and/or wire fraud offense in violation of Title 18, United States Code, §§ 1341 and 1343. Under those laws it is an offense for anyone to scheme to defraud someone else out of money or property by making false and fraudulent representations, and then to attempt to execute or carry out the scheme through use of the mails or interstate wire communications facilities. Each separate use of the mails or wires is a separate offense or separate predicate act.

If you find that the Defendant committed two or more of the predicate acts, you must then decide whether those acts constituted a "pattern of racketeering activity," as previously described, and whether that "pattern" of activity amounted to, or threatened the likelihood of, continued criminal activity posing a threat of continuity projecting into the future. You must next decide whether the "pattern of racketeering activity" was engaged in by the Defendant while conducting, or participating in the conduct of, the affairs of the "enterprise."

If so, you must then decide whether the "enterprise" was engaged in, or whether its activities affected, "interstate commerce." The term "interstate commerce" refers to business transactions occurring between places in different states; and, in this case, the Plaintiff claims that in conducting the affairs of the enterprise the Defendant utilized interstate communications facilities by engaging in long distance telephone conversations; by traveling in interstate commerce from one state to another; and by causing the transmission of funds and/or other communications by mail and/or by wire in interstate commerce from one state to another.

If you find from a preponderance of the evidence that these transactions or events occurred, and that they occurred in, or as a direct result of, the conduct of the affairs of the alleged "enterprise," then the required effect upon interstate commerce has been established. If you do not so find, then the required effect upon interstate commerce has not been established.

If all of those issues are resolved in favor of the Plaintiff you must then decide whether the Plaintiff has suffered injury in its business or property as a "proximate result" of the Defendant's pattern of racketeering activity. To be the "proximate result" of such activity it must be proved that, except for such activity by the Defendant, the injury or damage claimed by the Plaintiff would not have occurred.

**Authority:**

11th Cir Pattern Jury Instructions 5.1
18 USC § 1964(c)

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 3.4**
**Constructive Trust**

In this action, Plaintiffs allege that Horizonte wrongfully acquired and currently holds certain BAD BOY trademark applications and registrations.

A "constructive trust" is a judicially created relationship by which an alleged wrongdoer is said to hold certain property in trust for the benefit of the rightful owner—often times with instructions to convey the allegedly illicitly acquired property to the rightful owner.

To obtain a constructive trust, Platypus Wear must prove by a preponderance of the evidence:

First, the existence of a property or some interest in property--in this case, trademark registrations or applications;

Second, that the Plaintiff has a right to the *property*;

Third, the wrongful acquisition or detention of the *property* by another; AND

Fourth, that party is not entitled to possess the *property*.

A constructive trust is intended to return the *property* and any benefit naturally occurring from possession of the *property*. A constructive trust is not appropriate in all circumstances. Specifically, a constructive trust is inappropriate where it would award the Plaintiff the benefits of the Defendant's labor.

You may ask yourself whether the increased value of the property--in this case, trademark applications and registrations for beverages--is due to the Defendant's efforts. If the increased value of the *property* is due substantially to external factors unrelated to the Defendant's contributions, creation of the trust may be warranted. If the increased value of the *property* is due to the Defendant's contributions, creation of a constructive trust goes too far.

Plaintiff Platypus Wear bears the burden of proving the four elements I previously mentioned and proving that any increased value to the *property*, here the BAD BOY trademarks and trademark applications, are not due to Horizonte's independent contributions.

The decision to create a constructive trust is, ultimately, at your discretion.

**Authority:**

*Mattel, Inc. v. MGA Entertainment, Inc.*, slip opinion, D.C. No. 2:04-cv-090498 SGL-RNB (9th Cir. July 22, 2010); *Communist Party of U.S. v. 522 Valencia, Inc.*, 41 Cal. Rptr. 2d 618, 623 (Cal. Ct. App. 1995); *Haskel Eng'g & Supply Co. v. Hartford Accident & Indem. Co.*, 144 Cal. Rptr. 189, 193 (Cal. Ct. App. 1978).

Dan B. Dobbs, *Dobbs Law of Remedies: Damages-Equity-Restitution* § 6.6(3) (2d. ed. 1993).

**Defendant/Counterclaimant Horizonte's Jury Instruction No.**
**Trademark Property Rights – Brazilian Law**

In this action PWI claims that Horizonte obtained ownership of certain trademarks through fraud. These claims are limited to trademark rights in the United States as this Court does not have jurisdiction to resolve fraud claims related to the improper registration or transfer of Brazilian trademarks.

Under Brazilian law, there is no res or traditional property right in a trademark acquired through use. Trademark rights are recognized only upon registration before the Brazilian patent and trademark office, known as the Instituto Nacional de Propriedade Industrial ("INPI").

INPI is not subject to the jurisdiction of US Courts and any lawsuit regarding trademark registrations in Brazil or the transfer of ownership or cancellation falls under the exclusive jurisdiction of the Brazilian Federal Courts.

**Authority:**

Leite Declaration, ¶¶ 7-21.

**Defendant/Counterclaimant Horizonte's Jury Instruction No.**
**Copyright Infringement – General Instruction**

***Introduction***

Plaintiff here claims the ownership of a copyright in Bad Boy Face design. A copyright grants the owner exclusive rights to do any of the following: reproduce, distribute, perform, or display the copyrighted work. A copyright also grants the owner exclusive rights to create a new work that is based upon the copyrighted work. The new work is called a "derivative work." Because these rights are exclusive, if someone else takes one of these actions, they are said to have "infringed" the copyright. Plaintiff here alleges that defendant has infringed plaintiff's copyright in the Bad Boy Face design

**Exclusive Rights**

As I mentioned before, a copyright in a work grants to the owner of the copyright certain specified exclusive rights. In this case, the plaintiff asserts that the defendant infringed her copyright by:

1. Making copies of the copyrighted work;
2. Preparing derivative works based upon the work;
3. Distributing copies of the work to the public;
4. Performing the work publicly;
5. Displaying the copyrighted work publicly; and
6. Performing the copyrighted work publicly by means of a digital audio transmission.

In order to prove infringement, plaintiff must prove by a preponderance of the evidence that the defendant has violated this exclusive right in the United States.

**Authority:**

ABA Litigation Section - Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation (2008) §§ 1.1 and 1.2

*Foreign Imported Prods. & Publ., Inc. v. Grupo Indus. Hotelero, S.A.,* 2008 U.S. Dist. LEXIS 108705, 13-14 (S.D. Fla. Oct. 24, 2008)

**<u>Defendant/Counterclaimant Horizonte's Jury Instruction No.</u>**
**<u>Copyright Infringement – Elements</u>**

Plaintiff contends that defendant directly infringed plaintiff's copyright. To prove direct infringement of the copyright in a work, plaintiff must prove the following by a preponderance of the evidence:

1. Plaintiff owns a valid copyright in the work;
2. Defendant copied constituent elements of the work that are original in the United States.

**<u>Authority:</u>**

ABA Litigation Section - Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation (2008) § 1.5.1

*Foreign Imported Prods. & Publ., Inc. v. Grupo Indus. Hotelero, S.A.,* 2008 U.S. Dist. LEXIS 108705, 13-14 (S.D. Fla. Oct. 24, 2008); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991); *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002).

**Defendant/Counterclaimant Horizonte's Jury Instruction No.**
**Copyright Infringement — Originality**

An original work may include or incorporate elements taken from prior works, works from the public domain, works owned by others, with the owner's permission. The original parts of the plaintiff's work are the parts created:

> 1. independently by the work's author, that is, the author did not copy it from another work; and

> 2. by use of at least some minimal creativity.

**Authority:**

Ninth Circuit Manual of Model Jury Instructions: Civil § 17.12

**Defendant/Counterclaimant Horizonte's Jury Instruction No.**
**Copyright Interests — Derivative Work**

A copyright owner is entitled to exclude others from creating derivative works based upon the owner's copyrighted work. The term derivative work refers to a work based on one or more pre-existing works, such as a translation, art reproduction, abridgement, condensation or any other form in which the pre-existing work is recast, transformed, or adapted. Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming or adapting the copyrighted work without the owner's permission.

If the copyright owner exercises the right to create or allow others to create a derivative work based upon the copyrighted work, this derivative work may also be copyrighted. Only what was newly created, such as the editorial revisions, annotations, elaborations, or other modifications to the pre-existing work, is considered to be the derivative work.

Copyright protection of a derivative work covers only the contribution made by the author of the derivative work. If the derivative work incorporates pre-existing work by others or work in the public domain, the derivative author's protection is limited to elements added by the derivative author to the pre-existing work of others or the public domain work.

The owner of a derivative work may enforce the right to exclude others in an action for copyright infringement.

**Authority:**

Ninth Circuit Manual of Model Jury Instructions: Civil § 17.13

17 U.S.C. §§ 101, 106(2)

**<u>Defendant/Counterclaimant Horizonte's Jury Instruction No.</u>**
**<u>Copyright - Protected and Unprotected Matter</u>**

Copyright protection does not extend to all the elements of a copyrighted work. Elements to which copyright protection extends are called "protected matter," and other elements are "unprotected matter." Unprotected matter is not entitled to copyright protection and therefore may be copied by another author.

***Types of Unprotected Matter***
There are various types of unprotected matter. They include:

1.  A portion of a work that is not original to the author;
2.  A portion of the work that is in the public domain; or
3.  An idea, concept, principle, discovery, fact, actual event, process, or method expressed or described in a work;

**Authority:**

ABA Litigation Section - Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation (2008) §§ 1.4.2 and 1.4.3

**Defendant/Counterclaimant Horizonte's Jury Instruction No.**
**Copyright - Ownership Through Valid Transfer**

Defendant asserts that it is the actual owner of the right in the Pre-existing Bad Boy works through valid transfer from the original author, Mark Baagoe. The owner of a copyright may transfer all or any one of the exclusive rights that I described earlier, but the transfer must be made in writing and signed by either the owner of the rights conveyed or the owner's authorized agent. An oral transfer that is later reduced to such a signed writing satisfies this requirement.

**Authority:**

ABA Litigation Section - Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation (2008) § 1.3.8

**Defendant/Counterclaimant Horizonte's Jury Instruction No.**
**Validity of Platypus Wear's Copyright Ownership Claims**

Horizonte claims that Platypus Wear does not own valid copyright in the BAD BOY logos.

A work prepared by an employee within the scope of his employment is a work made for hire, and copyright in that work is owned by the employer.  One issue in this case is whether Mark Baagoe, who drew the original BAD BOY graphic work in 1985, was an employee of Life's A Beach, Inc. when he drew it, or an independent contractor. If he was an independent contractor, then he may have owned copyright in the BAD BOY work.  If he was an employee at the time, Life's A Beach, Inc. may have owned copyright in the original BAD BOY work.

In determining whether a hired party is an employee or an independent contractor, you may consider the following factors, among others:

(i)      the skill required to draw the original BAD BOY work; the more skill the work requires, the more the hired party is considered an independent contractor;

(ii)     the source of the hired party's artistic tools;

(iii)    the location of the work; if the hired party (Mr. Baagoe) drew the work outside the hiring party's (Life's A Beach, Inc.'s) place of business, that tends to support the view that he was an independent contractor; if he drew it at the hiring party's place of business, that tends to support the view that he was an employee;

(iv)     the duration of the relationship between the parties; if the hired party (Mr. Baagoe) had been working for the hiring party (Life's A Beach, Inc.) for a long time, that tends to support the view that he was an employee; if he had been doing work there for a short time, that tends to support the view that he was an independent contractor;

(v)      whether the hiring party (Life's A Beach, Inc.) has the right to assign additional projects to the hired party (Mr. Baagoe);

(vi)     the extent of the hired party (Mr. Baagoe's) discretion over when and how long to work;

(vii)    the method of payment;

(viii)   the hired party's role in hiring and paying assistants;

(ix)     whether the work is part of the regular business of the hiring party;

(x)      whether the hiring party is in business;

(xi)     the provision of employee benefits; and

(xii)    the tax treatment of the hired party.

If, based on these factors and any other relevant factors, you find that the hired party was an employee, then Life's A Beach, Inc. could claim to own copyright in the original BAD BOY

work. If, on consideration of the same factors, you find that the hired party (Mr. Baagoe) was an independent contractor, then he could claim to own copyright in the original BAD BOY work.

Joint authors of a work are considered co-owners of the copyright in that work. Persons are joint authors if 1) they intended to create a joint work; that is, if they prepared the work with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole, and 2) each contributed independently copyrightable material.

Assignment of Copyright

An assignment of copyright from the copyright owner to another person or company must be in writing, and must reflect a clear and unequivocal intention on the part of the copyright owner to transfer ownership.

Copyright Notice

Before March 1, 1989, a copyright notice consisting of a "C in a Circle," the name of the author and the year had to be placed on any copyrighted work that was published or displayed to the public in the United States. If the work was published without the copyright notice in the United States before March 1, 1989 on more than a relatively small number of copies, then the work was not protected by copyright. A work that is not protected by copyright is in the public domain, meaning anyone can copy it or make variations of it.

Trivial Variations of Work in Public Domain Not Protected by Copyright

Copyright protection extends only to the original elements of expression in a work. If a pictorial works were published before March 1, 1989 without copyright notice and are in the public domain, meaning they are not protected by copyright, a party cannot claim copyright in minor or trivial variations of those works. The minor or trivial variations on the works are also considered in the public domain, and anyone may copy them.


**Authority:**

17 U.S.C. § 101 ("A joint work is a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole.")

17 U.S.C. § 204(a)( A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.")

*Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751, 753 (1989)(work for hire).

*Sherry Mfg. Co. v. Towel King of Florida, Inc.,* 753 F.2d 1565 (11th Cir. 1985)(trivial variations on works in the public domain).

*Baby Buddies, Inc. v. Toys "R" US, Inc.*, No. 08-17021, slip op at 14 (11th Cir. July 22, 2010) ("Additionally, copyright protection extends only to the original elements of expression in a work: 'The mere fact that a work is copyrighted does not mean that every element of the work may be protected.'")

*St. Luke's Cataract and Laser Institute, P.A. v. Sanderson*, 573 F.3d 1186, 1202 (11th Cir. 2009)(jury is free to infer from evidence that misrepresentations and omissions to Copyright Office about authorship, originality, and derivative nature of work were intentional, material).

*Rich & Rich Partnership v. Poetman Records USA, Inc.,* 2010 U.S. Dist. Lexis 48949 *11-12 (E.D. Ky. May 18, 2010)(Where copyright applicant knowingly fails to identify derivative nature of work, court may decline to enforce copyright.)

*Woods v. Resnick*, No. 09-cv-392-slc, slip op. at 13-14, 26-27 (W.D. Wisc. July 16, 2010)(joint authorship requires intent to create a joint work and each party contributed independently copyrightable material)(Ownership of copyright can only be transferred in a writing that must reflect a clear and unequivocal intention on the part of the copyright owner to transfer ownership.)

17 U.S.C. §405(a)

**Defendant/Counterclaimant Horizonte's Jury Instruction No.**
**Copyright Infringement - Sufficiency of Copying**

If you conclude that plaintiff has proven, whether by direct or circumstantial evidence, that defendant has copied matter from plaintiff's work, you must then determine whether the matter copied is sufficient to constitute infringement. You should find infringement if the matter copied from plaintiff's work, as viewed by an ordinary reasonable observer, includes substantial protected matter. You should not find infringement because of the copying of unprotected matter, such as ideas. You should find infringement only if an ordinary reasonable observer would find that the protected matter copied from plaintiff's work is substantial.

Substantiality is determined by considering both the amount, or quantity, and the significance, or quality, of the protected matter copied by defendant. You should not find infringement if only a small amount of relatively unimportant protected matter has been copied. However, the significance of the copied protected matter to plaintiff's work may outweigh the fact that not a large amount of material has been copied. Because the organization of the matter in a work may itself be protected, in determining whether substantial protected matter has been copied, you may take into account similarities or dissimilarities in the organization of protected matter that has been copied.

Substantiality is not determined simply by the percentage of plaintiff's work that defendant copied. In order for you to find infringement it is not necessary to find that a large fraction of plaintiff's work was copied. Similarly, substantiality is not determined by the percentage of defendant's work that was not copied. It is not a defense to infringement that a large fraction of defendant's work was created independently.

**Authority:**

ABA Litigation Section - Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation (2008) § 1.5.8.

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 4.2**
**Negligence**

The Defendant Horizonte counterclaims that the Plaintiff Platypus Wear was negligent and that such negligence was a legal cause of damage sustained by Horizonte.

First, Horizonte alleges that Platypus Wear failed to exercise reasonable care to monitor and control its licensee in Brazil, Big Blue Comercio. Specifically, Defendant Horizonte alleges that Platypus Wear failed to file its license agreement with Big Blue with the Brazilian Patent and Trademark Office (the INPI).  As a result, Defendant Horizonte was not placed on notice that Big Blue was Platypus Wear's licensee. Second, Defendant Horizonte alleges that Platypus Wear failed to require Big Blue to transfer Big Blue's Brazilian trademark registrations for BAD BOY for use on clothing to Platypus Wear, as required by the Platypus Wear/Big Blue Licensing Agreement. As a result, Horizonte and others could not know who owned the trademarks. Third, Defendant claims that Platypus Wear president Laurens Offner negligently failed to inform Horizonte's officers, when they met in early 2001, that Platypus Wear owned the BAD BOY trademarks, and was licensing Big Blue to use them. It alleges that Laurens Offner also failed to inform Horizonte that he held the position of president of Platypus Wear illicitly, by voting shares that did not belong to him. It alleges that Laurens Offner also failed to inform Horizonte about the lawsuit brought against him by his brother and sisters, and the estate of their father, Franklin Offner, and about any limitations that the lawsuit placed on his ability to convey trademarks owned by Platypus Wear.

In order to prevail on their respective claims, Horizonte must prove both of the following facts by a preponderance of the evidence:

> First: That the other party, Platypus Wear, was "negligent;" and

> Second: That such negligence was a "legal cause" of damage sustained by the party asserting the claim.

"Negligence" is the failure to use reasonable care. Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances. Negligence is a "legal cause" of damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing such damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred. Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

Under Florida law, and to the extent necessary Brazilian law, individuals and companies have a duty to exercise care in their interactions with others.  The care that must be exercised is such care as a reasonably prudent and careful person or company would use under similar circumstances. One who fails to exercise such care and harms another as a result, is liable to the other under a

negligence claim for the damages caused.  Intention to cause harm is not a necessary element of a negligence claim.

Negligence is a legal cause of injury or damage if it is directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage so that it can reasonable be said that, but for the negligence, a loss, injury or damage would not have occurred.

In order to be regarded as a legal cause of loss, injury or damage, negligence need not be its only cause.  Negligence may also be a legal cause of loss, injury or damage even though it operates in combination with the act of another or some other cause occurring after the negligence occurs.  If such other cause was itself reasonably foreseeable and the negligence contributes substantially to producing such loss, injury or damage with a resulting loss, injury or damage was a reasonably foreseeable consequence of the negligence and the negligence contributes substantially to producing it.

**Authority:**

11th Cir Pattern Jury Instructions 4.1

Leite Declaration, ¶¶ 16-17.

Florida Special Instruction 401.12 (2010).

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 4.3**
**Negligent Misrepresentation**

On Horizonte Ltda's claim for negligent misrepresentation, the issues for your determination are:

First, whether Platypus Wear or its agents made a statement concerning a material fact that it believed to be true but which was in fact false; A material fact is one that is of such importance that Horizonte Ltda would not have entered into the transaction or acted, but for the false statement.

Second, whether, Platypus Wear was negligent in making the statement because it should have known the statement was false; Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.

Third, whether in making the statement, Platypus Wear intended or expected that another would rely on the statement;

Fourth, whether Horizonte Ltda justifiably relied on the false statement; and

Fifth, whether Horizonte Ltda suffered loss, injury or damage as a result.

If the greater weight of the evidence does not support the claim of Horizonte, your verdict should be for Platypus Wear. However, if the greater weight of the evidence does support the claim of Horizonte Ltda, then your verdict should be for Horizonte Ltda and against Platypus Wear.

If you find for Platypus Wear, you will not consider the matter of damages. But, if you find for Horizonte Ltda, you should award Horizonte an amount of money that the greater weight of the evidence shows will fairly and adequately compensate Horizonte for the losses it has suffered.

**Authority:**

11th Cir Pattern Jury Instructions

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 4.4**
**Fraud**

In this case the Defendant Horizonte claims that the Plaintiff Platypus Wear committed a fraud – that is, that Platypus Wear made certain allegedly false and fraudulent misrepresentations and omissions to Horizonte.

The term "fraud" is generally defined in the law as an intentional misrepresentation of material existing fact made by one person to another with knowledge of its falsity; made for the purpose of inducing the other person to act; and upon which the other person does in fact rely with resulting injury or damage. Fraud may also include an omission or intentional failure to state material facts, knowledge of which would be necessary to make other statements by or on behalf of Platypus Wear not misleading to Horizonte.

A promise is a fraud when the person or company that made the promise had a positive intent not to perform its promise, or made the promise without a present intent to perform.

Under Florida law, and to the extent necessary Brazilian law, fraud is any intentional trick, surprise, cunning, dissembling, or unfair means or conduct intended to cheat and damage another, and which results in damage to the other.  A claim of fraud can be based on anything calculated to deceive, whether by a single act or combination, or by suppression of truth, or suggestion of what is false, whether it be by direct falsehood or innuendo, by silence, speech, look, or gesture. Even the concealment of information that should have been disclosed or misleading allegations are considered to be acts of fraud. The elements of fraud are: (1) a deceptive act or omission; (2) intent to deceive; and (3) justifiable reliance on the act or omission by another, to the other's detriment.

In this instance, the alleged misrepresentations and/or omissions that Horizonte claims Platypus Wear or its agents fraudulently made are as follows:

Horizonte claims that Big Blue Comercio, Platypus Wear's agent in Brazil, fraudulently represented to Horizonte that it owned the BAD BOY trademarks independently, and could license Horizonte to adopt and use them for energy drinks. Horizonte claims that Platypus Wear president Laurens Offner intentionally failed to inform Horizonte's officers, when they met in early 2001, of the important, material fact that Platypus Wear owned the BAD BOY trademarks, and was licensing Big Blue to use them. It alleges that Laurens Offner also failed to inform Horizonte that he held the position of president of Platypus Wear illicitly, by voting shares that did not belong to him. It alleges that Laurens Offner also failed to inform Horizonte about the lawsuit brought against him by his brother and sisters, and the estate of their father, Franklin Offner, and about any limitations that that lawsuit placed on his ability to convey trademarks owned by Platypus Wear. It is alleged that Platypus Wear under Laurens Offner also intentionally misrepresented that Platypus Wear's BAD BOY marks were famous or well-known, when in fact Platypus Wear had not used them for years, and maintained its U.S. Trademark Registrations by fraud. Additionally, it is alleged that Platypus Wear under Laurens Offner claimed to own copyright in the BAD BOY logos, when in fact it never owned the copyright, and obtained its U.S. copyright registrations by fraud. Furthermore, it is alleged that Platypus Wear under Robin Offner fraudulently led Horizonte to believe that Platypus Wear knew about the circumstances of all prior trademark transfers between Horizonte and Platypus Wear, but would put all claims behind the parties and work toward a joint venture to market BAD BOY POWER DRINK globally. It is further alleged that

Platypus Wear under Robin Offner fraudulently used this pretense to gain Horizonte's proprietary information about the manufacture and distribution of BAD BOY POWER DRINK. Horizonte further alleges that Platypus Wear under Robin Offner planned to misappropriate Horizonte's proprietary information, and to license his friend, Rick Metcalf, to market BAD BOY POWER DRINK in the United States, excluding Horizonte. It is alleged that Platypus Wear intentionally omitted to tell Horizonte of its secret plans to misappropriate BAD BOY POWER DRINK to itself and its licensee, excluding Horizonte.

Each of these alleged misrepresentations and/or omissions should be considered and judged separately in accordance with the instructions that follow. It is not necessary that Horizonte prove all of them in order to recover.

To prevail on this claim of fraud, therefore, Horizonte must prove each of the following facts by a preponderance of the evidence:

> First: That Platypus Wear made one or more of those alleged misrepresentations or omissions;

> Second: That the misrepresentation or omission related to a material existing fact;

> Third: That Platypus Wear  knew at the time it made the misrepresentation that it was false or acted with reckless disregard for its truth or falsity or that the omission made other statements materially misleading;

> Fourth: That Platypus Wear intended to induce Horizonte to rely and act upon the misrepresentations or omissions; and

> Fifth: That Horizonte "reasonably" relied upon the misrepresentation or omission and suffered injury or damage as a result.

To make a "misrepresentation" simply means to state as a fact something that is false or untrue. To make a material "omission" is to omit or withhold the statement of a fact, knowledge of which is necessary to make other statements not misleading.

To constitute fraud, then, a misrepresentation must not only be false or an omission must make other statements misleading, but must also be "material" in the sense that it relates to a matter of some importance or significance rather than a minor or trivial detail.

It must also relate to an "existing fact." Ordinarily, a promise to do something in the future does not relate to an existing fact and cannot be the basis of a claim for fraud unless the person who made the promise did so without any present intent to perform it or with a positive intent not to perform it. Similarly, a mere expression of opinion does not relate to an existing fact and cannot be the basis for a claim of fraud unless the person stating the opinion has exclusive or superior knowledge of existing facts that are inconsistent with such opinion.

To constitute fraud Horizonte must also prove that Platypus Wear made the misrepresentation or omission knowingly and intentionally, not as a result of mistake or accident. It must be proved that Platypus Wear either knew of the falsity of the misrepresentation or the false effect of the

omission, or that Platypus Wear made the misrepresentation or omission in reckless disregard for its truth or falsity.

Finally, to constitute fraud Horizonte must prove that Platypus Wear intended for Horizonte to rely upon the misrepresentation and/or omission; that Horizonte did in fact rely upon the misrepresentation and/or omission; and that Horizonte suffered injury or damage as a proximate result of the fraud.

 When it is shown that Platypus Wear made a material misrepresentation or omission with the intention that Horizonte rely upon it, then, under the law, the Plaintiff may rely upon the truth of the representation even though its falsity could have been discovered had the Plaintiff made an investigation, Horizonte knows the representation to be false or its falsity is obvious to it.

**Authority:**

11th Cir Pattern Jury Instructions 3.1

*New Lenox Indus. v. Fenton*, 510 F.Supp.2d 893, 907 (M.D. Fla 2007), quoting *Wynfield Inns v. Edward Le Roux Group, Inc.*, 896 F.2d 483, 490-91 (11th Cir. 1990)(promise fraudulent when made without present intent to perform); *Golding v. Imperial Sterling*, 2001 U.S. Dist. LEXIS 25226, * 19-20 (S.D. Fla. 2001)

Leite Declaration ¶¶ 13-14.

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 4.5**
**Platypus Wear U.S. Trademark Registrations Subject to Cancellation for Fraud**

Horizonte alleges that Platypus Wear obtained or maintained several U.S. trademark registrations for BAD BOY trademarks by committing fraud on the U.S. Patent and Trademark Office.

A United States Trademark registration that is obtained or maintained by fraud on the U.S. Patent and Trademark Office may be cancelled because of that fraud.

Fraud is willful, intentional deception committed by false, material statements to the U.S. Patent and Trademark Office.

A willful, intentional deception of material fact may be inferred from the circumstances where an applicant or registrant of a trademark makes a false statement that it has used or has continued to use a trademark on all of the goods listed in an application or registration, in circumstances indicating that it knows it has not.

A willful, intentional deception of material fact may be also inferred from the circumstances where an applicant submits another company's product as a specimen of use.

Fraud must be proven by clear and convincing evidence, which means evidence that produces in your mind a firm belief or conviction about the matter at issue. Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard. This standard does not require proof to a certainty; proof to a certainty is seldom possible in any case.

**Authority:**

*In Re Bose Corporation*, 2009 U.S.App. Lexis 19658 (Fed. Cir. 2009).

*Mister Leonard, Inc. v. Jacques Leonard Couture, Inc.*, 23 U.S.P.Q.2d (BNA) 1064 (T.T.A.B. 1992) (filing false section 15 declaration warrants cancellation).

*Torres v. Cantine Torresella S.r.l.*, 808 F.2d 46 (Fed. Cir. 1986) (filing false section 8 & 9 declarations warrants cancellation), *rev. on other grounds*.

*Space Base, Inc. v. Stadis Corp.*, 17 U.S.P.Q.2d (BNA) 1216 (T.T.A.B. 1990) (failure to correct false representations warrants cancellation).

*Warner Bros. Entertainment, Inc. v. The Kaplan Trust*, Cancellation No. 92043813 (T.T.A.B. Aug. 22, 2007) (submitting another's good as a specimen of use warrants cancellation).

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 4.7**
**Interference With Contract Terminable At Will Or With Prospective Business Relations;**
**Competition Or Financial Interest Defense**

The issues for your determination on the counterclaim of Horizonte against Platypus Wear are whether Platypus Wear interfered with business relations between Horizonte and Ball Corporation and its Brazilian subsidiary and did so improperly and intentionally; and if so, whether such interference caused damage to Horizonte

The first question is whether Platypus Wear interfered with Horizonte Ltda's business relations with Ball Corporation by inducing or otherwise causing Ball Corporation not to continue doing business with Horizonte Ltda, to terminate or bring to an end a contract which Ball Corporation was not bound to continue with Horizonte Ltda.

If Platypus Wear did interfere with Horizonte Ltda's business relations with Ball Corporation, or cause Ball Corporation to cease doing business with Horizonte Ltda, then the next question is whether, as contended by Horizonte Ltda, the interference by Platypus Wear was improper. A person who enjoys business relations with another is entitled to protection from improper interference with that relationship. However, another person is entitled to compete for the business or advance his own financial interest so long as he has a proper reason or motive and he uses proper methods.

A person who interferes with the business relations of another with the motive and purpose, at least in part, to advance or protect his own business or financial interests, does not interfere with an improper motive. But one who interferes only out of spite, or to do injury to others, or for other bad motive, has no justification, and his interference is improper.

So also, a person who interferes with another's business relations using ordinary business methods of competition does not interfere by an improper method. But one who uses misrepresentations has no privilege to use those methods, and his interference using such methods is improper.

If Platypus Wear's interference was improper, the last question is whether it was intentional as well. Interference is intentional if the person interfering knows of the business relationship with which he is interfering, knows he is interfering with that relationship, and desires to interfere or knows that interference is substantially certain to occur as a result of his action.

If the greater weight of the evidence does not support the claim of Horizonte Ltda, that Platypus Wear intentionally interfered with Horizonte business relationship with Ball Corporation, then your verdict should be for Platypus Wear.

"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence of the case.

If you find for Platypus Wear, you will not consider the matter of damages. But, if you find for Horizonte, you should award Horizonte an amount of money that the greater weight of the evidence shows will fairly and adequately compensate Horizonte Ltda for such loss or damage as was caused by the intentional interference. Such interference is the cause of loss or damage if it directly and in a natural and continuous sequence produces or contributes substantially to producing such loss or damage.

**Authority:**

FLA Pattern Instructions Miscellaneous 7.2

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 4.8**
**Unjust Enrichment**

Horizonte claims that Platypus Wear has been unjustly enriched. An action for unjust enrichment exists to prevent the wrongful retention of a benefit in violation of good conscience and principles of justice or equity.

In order for Counterclaimant Horizonte to prevail on its claim of unjust enrichment, it must show by a preponderance of the evidence:

> First, Plaintiff Platypus Wear knowingly accepted and retained the benefit of Counterclaimant Horizonte's services;

> Second, Counterclaimant Horizonte's services conferred a benefit on Plaintiff Platypus Wear;

> Third, Plaintiff Platypus Wear benefitted from such services;

> Fourth, Plaintiff Platypus Wear has not compensated Counterclaimant Horizonte for its services; and

> Fifth, it would be unjust under the circumstances to allow the Plaintiff to retain the benefits without paying value for the services.

If you find for Counterclaimant Horizonte on this claim, you must then consider the amount of damages to award Counterclaimant Horizonte. You should award Horizonte the value of the services that it has rendered for which it has not been compensated.

**Authority:**

*Peoples National Bank of Commerce v. First Union National Bank of Florida, N.A.,* 667 So. 2d 876, 879 (Fla. 3d DCA 1996); *N.G.L. Travel Assoc. v. Celebrity Cruises, Inc.,* 764 So.2d 672, 675 (Fla. 3d DCA 2000); *Florida Power Corp. v. City of Winter Park*, 887 So.2d, 1237, 1242n.5 (Fla. 2004)

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 4.9.1**
**Unfair Competition – Florida Law**

Counterclaimant Horizonte claims that Plaintiff Platypus Wear engaged in unfair competition. Unfair competition is business conduct that is contrary to honest practices in industrial or commercial matters.

To prove unfair competition under Florida law, Horizonte must prove by a preponderance of the evidence that (1) Platypus Wear engaged in deceptive or fraudulent conduct that (2) is likely to cause consumer confusion. When a company passes off its goods as those of another in a manner that is likely to cause consumer confusion and constitutes unfair competition under Florida law.

**Authority:**

*Donald Frederick Evans & Assocs., Inc. v. Continental Homes, Inc.,* 785 F.2d 897, 914 (11th Cir. 1986); *Treiber v. StorCOMM, Inc.,* 2005 U.S. Dist.Lexis 42658, * 11 (M.D. Fla. 2005)

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 4.9.2**
**Federal Unfair Competition**

Horizonte alleges that PWI appropriated Horizonte's BAD BOY POWER DRINK trademark, Horizonte's beverage can design bearing Horizonte's Internet web address, and used them in interstate commerce to sell energy drinks in competition with Horizonte.

Any person who makes commercial use in the United States of any false designation of origin or false and misleading description or representation of fact which is likely to cause confusion, mistake or deception as to

        1.     The origin of that person's goods; or

        2.     That person's affiliation, connection, or association with another person; or

        3.     Endorsement or approval of the goods or services by another person,

Is liable to any person damaged or likely to be damaged by the false designation of origin or the false or misleading description or representation.

**Authority:**

15 U.S.C.§ 1125(a)

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 4.10**
**Unfair and Deceptive Trade Practices**

Under Florida law, certain deceptive acts and unfair trade practices are prohibited in order to protect consumers. Counterclaimant Horizonte claims that Plaintiff Platypus Wear engaged in unfair and deceptive trade practices.

To prove its claim of unfair and deceptive trade practices, Counterclaimant Horizonte must show each of the following elements by a preponderance of the evidence:

> (1) Defendant, in the conduct of any trade or commerce, engaged in:
>
> > a. Unfair methods of competition; or
> > b. Unconscionable acts or practices; or
> > c. Unfair or deceptive acts or practices; and
>
> (2) Causation; (i.e., Plaintiff is aggrieved or has suffered a loss as a result of defendant's deceptive conduct) and
>
> (3) Actual Damages

A "deceptive" representation is one that is likely to mislead a consumer acting reasonably under the circumstances. An "unfair trade practice" is one that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. However, failure to perform under a contract is not, by itself, a deceptive act or an unfair trade practice.

**Authority:**

*Tippens v. Round Island Plantation L.L.C.*, 2009 U.S. Dist. LEXIS 66224, *41 (S.D. Fla. 2009). *Hetrick v. Ideal Image Dev. Corp.*, 2010 U.S. App. LEXIS 7831, at *18-19 (11th Cir. Apr. 15, 2010)

46

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 4.11.1**
**Declaration - Contract Formation**

Counterclaimant Horizonte Ltda claims that it transferred two trademark applications--one European trademark application and one Japanese trademark application-- to Platypus Wear (under Laurens Offner) in 2002, contingent on Platypus Wear and Horizonte agreeing to form a joint venture to market BAD BOY POWER DRINK globally within a year. If the joint venture was operational within a year, the two trademark applications would be transferred to the joint venture; if the joint venture was not operational within a year, the two trademark applications would revert to Horizonte. Counterclaimant Horizonte seeks a declaration that when the joint venture was not operational, the two trademark applications legally reverted to it.

Regarding the contract claim, I instruct you that a contract is an agreement between two or more persons or companies to do or not do a certain thing or things.

A contract requires:

1. Parties having legal capacity to contract;
2. Mutual consent;
3. A lawful objective; and
4. Sufficient consideration.

Consideration means something of value. Each party must receive something of value in exchange for something else of value. Consideration must be present at the time the contract is formed. A promise without sufficient consideration cannot be enforced. When a party is incapable of performing a contract, the failure to perform goes to the entire consideration of the contract and renders it invalid.

An oral contract may be formed between two parties if the parties mutually assented to a certain and definite proposition and left no essential terms open.  To form a contract, two parties must have a "meeting of minds" as to necessary terms. Unless they both have the same understanding, there is no contract.

Under Florida and Brazilian law, a contract is formed when one party offers a proposal and another party accepts the proposal. Acceptance may be express or tacit. Tacit acceptance includes the performance of an act in accordance with the proposal. A contract may be formed orally; it does not have to be in written form.

If one party fails to perform its contractual obligations, the other party to the contract is allowed to seek the annulment of the contract. In this case, the parties will be placed in the same position, in which they were before the contract was signed. In addition, if the parties' obligations under a contract are subject to a condition contained in the contract, and that condition is never met, the parties are not bound by the contract's obligations and the parties' status reverts to the conditions they were in before entering into the contract.

If you find that Plaintiff Platypus Wear and Counterclaimant Horizonte failed to agree on a necessary term, then you must find that no contract existed. If, for example, you find that Platypus Wear under Laurens Offner did not believe that he was promising to keep Horizonte's two

trademark applications temporarily, but instead believed that Platypus Wear could keep the two trademark applications permanently, and Horizonte believed the transfer was temporary, then you must find that no contract was formed, and the two trademark applications revert to Horizonte.

If you find that Laurens Offner lacked authority to commit Platypus Wear to a contract with Horizonte in 2002, then you must find that no contract was formed, and the two trademark applications revert to Horizonte.

**Authority:**

*Bowsher v. Merck & Co.*, 469 U.S. 824, 862 (1982)(A contract is a legally enforceable bargain, formed by mutual consent and supported by consideration) (citing 1 W. Jaeger, Williston on Contracts § 18 (3d ed. 1957); Chase Federal Savings & Loan Ass'n, 479 So.2d 90, 103 (Fla. 1985)(consideration); Pratt v. Weeks, 1.F.Supp. 953, 957 (S.D.Fla. 1932); Cintas Corp. No. 2 v. Schwalier, 901 So.2d 307, 309 (Fla. 1st DCA 2005); *Spencer v. Devine*, 364 So. 2d 22, 23 (Fla. 1st DCA 1978)(Where there is no meeting of minds, the contract is void ab initio); Uphoff v. Wachovia Sec., LLC, 2009 U.S. Dist. LEXIS 116679 (S.D. Fla. 2009)(mutual assent to definite terms); Esrick v. Mitchell, 2009 U.S. Dist. LEXIS 84026 (D. Fla. 2009); O'Neill v. Corporate Trustees, Inc., 376 F.2d 818, 820 (5th Cir. Fla. 1967)(meeting of minds; *Lennar Homes, Inc. v. Dorta-Duque*, 972 So.2d 872, 880 (Fla. 3rd DCA 2007)(meeting of minds); *Yun Enters. v. Graziani*, 840 So. 2d 420, 422 (Fla. 5th DCA 2003)(meeting of minds).

Leite Declaration, ¶¶ 3-12.

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 4.11.2**
**Contract Rescission**

A contract may be rescinded, or cancelled, if one of the parties to a contract proves by a preponderance of the evidence that (1) it entered into the contract; (2) there were grounds for rescission, or cancellation, of the contract, such as fraud, mistake, false representations made to it, or impossibility of performing the contract; and (3) one party notified the other that it was rescinding the contract.

You must determine if Counterclaimant Horizonte was entitled to rescind its contract formed with Platypus Wear under Laurens Offner. If you find:

> (1) that Counterclaimant Horizonte entered into an oral contract with Platypus Wear under Laurens Offner;

> (2) that there were grounds for rescission of that contract because
>> (a) Laurens Offner committed fraud on Horizonte by failing to disclose the material fact that he held the position of president of Platypus Wear illicitly; or
>> (b) by failing to disclose that the other shareholders of Platypus Wear had sued him and obtained a preliminary injunction limiting his ability to transfer  trademarks; or
>> (c) Horizonte reasonably but mistakenly thought that Laurens Offner was Platypus Wear's president and that he could freely transfer trademarks without limitation; or
>> (d) Laurens Offner falsely represented that he was Platypus Wear's president, and that he could hold the two trademark applications temporarily and transfer them back; or
>> (e) it was impossible for Platypus Wear to perform the contract, because it could not operate the joint venture within a year; and

> (3) that Horizonte notified Platypus Wear that it was rescinding the contract;

then you may find that Counterclaimant Horizonte and Plaintiff Platypus Wear were legally restored to the position each was in before the contract, and the two trademark applications legally reverted to Horizonte.

**Authority:**

*Cahusac v. Nat'l City Bank, NA*, 2008 U.S. Dist. LEXIS 95949, 4-5 (S.D. Fla. 2008); *Roberts & Schaefer Co. v. Hardaway Co.,* 152 F.3d 1283, 1295 (11th Cir.1998)(unilateral mistake rescinds contract and returns parties to status quo); *Hyman v. Cohen*, 73 So. 2d 393, 397 (Fla. 1954)(rescission restores each of the parties to condition it was in before the contract); *Roberts & Schaefer Co. v. Hardaway Co.,* 152 F.3d 1283, 1295 (11th Cir. 1998)(unilateral mistake rescinds a contract and returns parties to status quo)

Leite Declaration, ¶¶ 3-12

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 4.11.3**
**Written Memorialization of Oral Contract**

An oral contract entered into between two parties may later be reflected or memorialized in a later writing that sets forth the terms of the oral agreement.

**Authority:**

10 Williston on Contracts § 29:3 (4th ed)

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 4.12**
**Aiding and Abetting a Breach of Fiduciary Duty**

The next issue for your determination is Platypus Wear's claim for aiding and abetting a breach of fiduciary duty against Defendants. The Plaintiff must show by the greater weight of the evidence that each of the following occurred:

1. Platypus Wear and Laurens Offner each shared a relationship whereby Platypus Wear reposed trust and confidence in Laurens Offner;

2. Laurens Offner undertook such trust and assumed a duty to advise, counsel and/or protect Platypus Wear;

3. Laurens Offner breached his duty to Platypus Wear;

4. Defendants knowingly aided and abetted Laurens Offner's breach of fiduciary duty to Platypus Wear; and

5. That Defendants' actions proximately caused legally compensable damage.

The Plaintiff must prove each and every one of the required elements by the greater weight of the evidence.

If you find that Defendants caused legally compensable damage to Platypus Wear then you must determine the amount of such damage.

**Authority:**

*Doe v. Evans*, 814 So. 2d 370, 374 (Fla. 2002); *Taylor Woodrow Homes Florida, Inc. v. 4/46-A Corp.*, 850 So. 2d 536 (Fla. 5th DCA 2003), *rev. denied*, 860 So. 2d 977 (Fla. 2003); *Weiner v. Moreno*, 271 So. 2d 217 (Fla. 3d DCA 1973).

**Defendant Horizonte's Jury Instruction No. 5.1**
**Affirmative Defense of Waiver**

It is a general rule of law that any claim for fraud is waived if one is induced by misrepresentations or fraud to enter into a contract and, with knowledge of the fraud, does an act to ratify or affirm the contract that shows an intention to abide by the contract as made. In so affirming or ratifying the contract, the party has waived its right to recover damages as a result of the original misrepresentations. The question of whether a party has waived a claim for fraud is one of the intent of the defrauded party. Such intent, however, may be inferred from the party's conduct and the surrounding circumstances. Similarly, once a defrauded person has discovered or reasonably should have discovered the nature of the deception, that person waives and thereby gives up any right to recover damages upon receiving from the defrauding party some substantial concession or upon entering into a new and more favorable contract in respect to the transaction.

Waiver is the intentional relinquishment of abandonment of a known right or privilege, or conduct that warrants an inference of the intentional relinquishment of a known right. Proof of the following three elements gives rise to waiver: (1) the existence of a right that may be waived; (2) actual or constructive knowledge of the right; and (3) the intent to relinquish the right. To establish waiver, the conduct relied upon must make out a clear case of waiver. Waiver does not arise merely from forbearance for a reasonable time.

**Authority:**

11th Cir Pattern Jury Instructions 3.1

*Hale v. Dept. of Revenue,* 973 So.2d 518, 522 (Fla. 1st DCA 2007); *Costello v. the Curtis Building Partnership*, 864 So.2d 1241, 1244, (Fla. 5th DCA 2004) ; *Destin Savings Bank v. Summerhouse of FWB, Inc.,* 579 So. 2d 232, 235 (Fla. 1st DCA 1991); *Mirenda v. Steinhardt,* 350 So. 2d 499, 501 (Fla. 4th DCA 1977) ("It is very generally held that one who discovers that fraud has been practiced upon him while the transaction remains wholly executory, but nevertheless either executes or performs it on his part or requires performance on the part of the other thereby waives the fraud and cannot subsequently maintain an action for damages therefor.") (quoting *Street v. Bartow Growers Processing Corp.*, 67 So.2d 228 (Fla.1953)); *Zurstrassen v. Stonier*, 786 So. 2d 65, 70 (Fla. 4th DCA 2001) ("Waiver of fraud can occur where a party should have discovered the fraud through ordinary diligence.") (quoting *Hurner v. Mut. Bankers Corp.*, 191 So. 831, 833 (Fla. 1939))

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 5.2**
**Affirmative Defense of Unclean Hands**

A plaintiff's claims may be barred if it has what are called "unclean hands." The doctrine of unclean hands is based on the principle that since equity tries to enforce good faith in defendants, it no less stringently demands the same good faith from the plaintiff. A plaintiff has unclean hands where the plaintiff has committed a wrongdoing that is directly related to the claims it has brought against the defendant, and the plaintiff's wrongdoing injured the defendant. The doctrine of unclean hands will bar a plaintiffs' claims even if the plaintiff and defendant are both parties to a fraudulent transaction, or where the fraud is perpetrated on a third party.

The defendants have the burden of proving their defense of "unclean hands" by a preponderance of the evidence.

**Authority:**

*Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 451 (11th Cir. 1993); *Dawes-Ordonez v. Forman*, 2009 U.S. Dist. LEXIS 100597, at *5 (S.D. Fla. Oct. 9, 2009) (citing *Calloway*); *Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1283 (M.D. Fla. (citing *Calloway*; *Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979); *De Beers LV Trademark Ltd. v. DeBeers Diamond Syndicate Inc.*, 2005 U.S. Dist. LEXIS 9307, * 8 (S.D.N.Y. May 19, 2005)(affirmative defense of unclean hands applicable to Lanham Act claims)

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 5.3**
**Affirmative Defense of Estoppel**

A plaintiff's claims may be precluded by the doctrine of "estoppel," meaning that the plaintiff is stopped from asserting the claim because of its own conduct. The defendant asserting the defense of estoppel must prove by a preponderance of the evidence that:

   1)   the plaintiff's words, acts, conduct or acquiescence led the defendant to believe in the existence of a certain state of things;

   2)   the plaintiff was willful or negligent in its words, acts, conduct, or acquiescence—in other words, the plaintiff intentionally or negligently made a misrepresentation or concealed material facts when the plaintiff had knowledge of those facts; and

   3)   the defendant relied upon the plaintiff's words, acts, conduct or acquiescence and was harmed as a result.

**Authority:**

*Tefel v. Reno*, 180 F.3d 1286, 1302 (11th Cir. Fla. 1999), citing *Federal Deposit Ins. Corp. v. Harrison*, 735 F.2d 408, 410, 413 (11th Cir.1984); *Irvine v. Cargill Investor Services, Inc*., 799 F.2d 1461, 1463 (11th Cir. 1986); *Sammons v. Polk County Sch. Bd.*, 165 Fed. Appx. 750, 753 (11th Cir. 2006); *Marine Transp. Servs. Sea-Barge Group v. Python High Performance Marine Corp.,* 16 F.3d 1133, 1139 (11th Cir. 1994); *Sabeta v. Baptist Hosp. of Miami, Inc.*, 410 F. Supp. 2d 1224, 1240 (S.D. Fla. 2005).

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 5.4**
**Affirmative Defense of Acquiescence**

A plaintiff's claims may be barred by its acquiescence if (1) the plaintiff actively represented that it would not assert a right or claim; (2) the delay between the active representation and assertion of the right or claim was not excusable; and (3) the delay caused the defendant undue harm, loss, or prejudice.

The defendant bears the burden of proving all three parts of this defense by a preponderance of the evidence.

**Authority:**

*Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.,* 522 F.3d 1200, 1207 (11th Cir. 2008); *Coach House Rest. v. Coach and Six Rests., Inc.,* 934 F.2d 1551 (11th Cir. 1991); *SunAmerica Corp. v. Sun Life Assurance Co. of Canada*, 77 F.3d 1325, 1334 (11th Cir. 1996); *General Conf. Corp. of Seventh-Day Adventists v. Perez*, 97 F. Supp. 2d 1154, 1163 (S.D. Fla. 2000)

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 5.5**
**Affirmative Defense of Laches**

A plaintiff's claims may be barred by the doctrine of laches if (1) plaintiff delayed in asserting a right or claim; (2) the delay was not excusable; (3) that the delay caused the Defendant undue harm, loss, or prejudice.

The defendant bears the burden of proving all three parts of this defense by a preponderance of the evidence.

**Authority:**

*General Conf. Corp. of Seventh-Day Adventists v. Perez*, 97 F. Supp. 2d 1154, 1162 (S.D. Fla. 2000); *Citibank, N.A. v. Citibanc Group, Inc.,* 724 F.2d 1540, (11th Cir. 1984); *Conagra, Inc. v. Singleton*, 743 F.2d 1508, 1517 (11th Cir. 1984); *Freedom Sav. & Loan Assoc. v. Way*, 583 F. Supp. 544, 552 (S.D. Fla. 1984); *Home Design Servs. v. Park Square Enters.,* 2005 U.S. Dist. LEXIS 33627, * 28 (M.D. Fla. May 2, 2005)

**Defendant/Counterclaimant Horizonte's Jury Instruction No.**
**Copyright Affirmative Defense - License from Another**

Defendants assert that they are not liable for infringement because someone other than plaintiff licensed defendant to copy the work. Defendants have the burden of establishing that this other person was actually entitled to grant such a license to plaintiff and did so.

**Authority:**

ABA Litigation Section - Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation (2008) § 1.6.4.

**Defendant/Counterclaimant Horizonte's Jury Instruction No.**
**Copyright Affirmative Defense - Copyright Misuse**

Defendants claim they are not liable for copyright infringement because plaintiff misused its copyright. While the Copyright Act gives a copyright owner a limited monopoly in a copyrighted work, the owner's attempts to extend the scope of this monopoly may under certain circumstances constitute misuse. If you find that plaintiff misused its copyright, it cannot assert an infringement claim against defendants.

To prevail upon its claim that plaintiff misused its copyright, defendants must prove that plaintiff attempted to use the existence of its copyright to prevent defendants from using unprotected elements of the copyrighted work, or prevent defendants from undertaking activity safeguarded by public policy, such as the policies supporting reverse engineering and fair use.

Defendants have the burden of proof to establish plaintiff's copyright misuse by a preponderance of the evidence. If you find that defendants have satisfied this burden of proof, then you should find in favor of defendants on the issue of copyright infringement.

**Authority:**

ABA Litigation Section - Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation (2008) § 1.6.9.

**Defendant/Counterclaimant Horizonte's Jury Instruction No.**
**Invalid Copyright Registration – Fraud on the Copyright Office**

As set forth above, ownership of a valid copyright and registration are prerequisites of a claim for copyright infringement.  The Defendant asserts, as an affirmative defense to Plaintiff's infringement claim, that Plaintiff's copyright registration is invalid because the Plaintiff engaged in fraud on the Copyright Office.

An invalid copyright registration will preclude Plaintiff's claim of infringement.  In order to determine that Plaintiff's copyright registration is invalid as a result of a fraud on the Copyright Office, you must find that Plaintiff knowingly failed to advise the Copyright Office of facts that would have led the Copyright Office to refuse the application.  Unintentional omissions, misstatements or irregularities generally are not sufficient to warrant invalidation.  Omissions, misstatements or irregularities must be intentional or purposeful and must have been made with the intent of misleading the Copyright Office.

If you find that Plaintiff's registration was invalid as a result of fraud on the Copyright Office, you must find for Defendant on Plaintiff's copyright infringement claim.  While Plaintiff bears the burden of establishing that its copyright is valid, Defendant bears the burden of establishing that the registration is invalid due to conduct in the registration process by clear and convincing evidence.

**Authority:**

17 U.S.C. § 411(b)(1); *St. Luke's Cataract and Laser Institute P.A. v Sanderson*, 573 F.3d 1186, 1201-02 (11th Cir. 2009) (citing *Original Appalachian Artworks, Inc. v Toy Loft Inc.*, 684 F.2d 821, 828 (11th Cir. 1982))

**Defendant/Counterclaimant Horizonte's Jury Instruction No.**
**Copyright Affirmative Defense – Copyright Estoppel**

Defendants contend that Plaintiff is barred from asserting its copyright infringement claim against Defendants by the doctrine of estoppel.  To establish estoppel, Defendants have the burden of proving each of the following elements by a preponderance of the evidence:

(1)   Plaintiff knew the facts of Defendant's infringing conduct;

(2)   Plaintiff's statement(s) or conduct (either action or inaction) caused Defendant to believe that Plaintiff would not pursue a claim for copyright infringement against Defendant;

(3)   Plaintiff intended for Defendant to act on his statement or conduct, or Defendant had a right to believe Plaintiff so intended;

(4)   Defendant was ignorant of the true facts that Plaintiff would pursue a claim for copyright infringement against Defendant; and

(5)   Defendant relied on Plaintiff's statement(s) or conduct to his injury.

If you find that Defendants have proved these elements by a preponderance of the evidence, your verdict must be for the Defendants on the claim for copyright infringement.

**Authority:**

*HGI Assocs., Inc. v. Wetmore Printing Co.*, 427 F.3d 867, 875-76 (11th Cir. 2005)

Fed. R. Civ. P. 39(c).

**<u>Defendant/Counterclaimant Horizonte's Jury Instruction No. 6.1</u>**
**<u>Consider Damages Only If Necessary</u>**

Both parties, Plaintiffs and Counterclaimant Horizonte, have claimed damages in this case.

If one party has proven by a preponderance of the credible evidence that the other party is liable on its claim, then you must determine the damages to which the plaintiff or counterclaimant is entitled.  However, you should not infer that Plaintiffs or Counterclaimant is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that Plaintiffs or Counterclaimant Horizonte is entitled to recovery.

**Authority:**

Matthew Bender's Modern Federal Jury Instructions (Civil) Damages, Instruction No. 77-1 (2009).

**<u>Defendant/Counterclaimant Horizonte's Jury Instruction No. 6.2</u>**
**<u>Nominal Damages</u>**

If you find, after considering all the evidence presented, that one party violated the other's rights, but that the other party suffered no injury as a result of this violation or breach, you may award "nominal damages." "Nominal damages" are awarded as recognition that a party's rights were violated, without any resulting financial damage.

You may not award both nominal and compensatory damages to a party. Either it was measurably injured, in which case you award compensatory damages, or else it was not, in which case you may award nominal damages.

Nominal damages may not be awarded for more than a token sum.

**Authority:**

Matthew Bender's Modern Federal Jury Instructions (Civil), Damages, Instruction No 9. 77-6 (2009).

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 6.3**
**Compensatory Damages**

Only if the evidence proves by a preponderance of evidence that the Defendants were the legal cause of the Plaintiffs' damages should you award the Plaintiffs an amount of money that will fairly and adequately compensate the Plaintiffs for such damages.

In considering the issue of Plaintiffs' damages, you are instructed that only if you find that Plaintiffs have carried their burden of proving all elements of their case, as I have described, then you should assess the amount you find to be justified by a preponderance of the evidence as fully, just and reasonable compensation for all of the Plaintiffs' damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants or to give the Plaintiffs a windfall.

In considering the issue of Counterclaimant Horizonte's damages, you are instructed that only if you find that Counterclaimant Horizonte has carried its burden of proving all elements of its case, as I have described, then you should assess the amount you find to be justified by a preponderance of the evidence as fully, just and reasonable compensation for all of the Counterclaimant's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Plaintiff Platypus Wear or to give the Counterclaimant Horizonte a windfall.

**Authority:**

Pattern Civil Jury Instr. 11th Cir. 1.1

*United Auto Ins. Co. v. Colon*, 990 So.2d 1246, 1248 (Fla. 4th DCA 2008)

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 6.4**
**Reasonable Damages Not Speculative**

Damages must be reasonable.

If you find that plaintiffs are entitled to a verdict, you may award only the amount of damages necessary to compensate them reasonably for any losses caused by the Defendants' wrongdoing. The Plaintiffs must prove by a preponderance of the evidence that such losses, if any, were sustained as a proximate result of the alleged wrongdoings.

Similarly, if you find that Counterclaimant Horizonte is entitled to a verdict, you may award it only the amount of damages necessary to compensate it reasonably for any losses caused by the Plaintiff Platypus Wear's wrongdoing. Counterclaimant Horizonte must prove by a preponderance of the evidence that such losses, if any, were sustained as a proximate result of the alleged wrongdoings.

You are not permitted to award speculative damages. This means that you may not include any compensation in the verdict for any prospective loss that, although possible, is not reasonably certain to happen in the future. From the evidence presented, you must decide what losses are reasonably certain to occur and you may award damages for those losses only.

**Authority:**

Model Jury Instructions, Business Torts Litigation, 7.6.2 (4th ed.)

*DeMello v. Buckman*, 916 So.2d 882 (Fla 4th DCA 2005); *Fla Outdoor, Inc. v. Steward,* 318 So.2d 414 (Fla.2d DCA 1975).

**Defendant/Counterclaimant Horizonte's Jury Instruction No.**
**Trademark Infringement - Plaintiff's Actual Damages**

For plaintiff to recover its actual damages, as opposed to defendant's profits, plaintiff must prove by a preponderance of the evidence:

    (1)     that its damages were caused by defendant's infringing use of its mark; and

    (2)     that consumers were actually confused or deceived as a result of defendant's conduct.

If you find that plaintiff has proven infringement and that infringement caused its injury, you must determine the amount of plaintiff's actual damages. Plaintiff must prove the amount of its damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate plaintiff for any injury you find was caused by defendant's infringement.

In determining the amount of plaintiff's actual damages, you may include any of the following categories you find proven by plaintiff:

    (1)     Any profits that plaintiff would have earned from additional sales were it not for defendant's infringement;

    (2)     Any injury to plaintiff's goodwill, including injury to plaintiff's general business reputation;

    (3)     Any expense plaintiff incurred to try to prevent customers from being deceived; and

    (4)     The cost of any corrective advertising plaintiff might reasonably be required to engage in to correct any public confusion or harm to goodwill caused by the infringement.

**Authority:**

ABA Litigation Section - Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation (2008) §§ 2.8.2 and 2.8.3

**Trademark Infringement - Entitlement to Recover Defendant's Profits**

In addition to actual damages, plaintiff is entitled to recover any of defendant's profits that are attributable to the infringement, which plaintiff must prove by a preponderance of the evidence. You may not, however, include in any award of defendant's profits any amount that was already included in the amount of plaintiff's actual damages.

In determining the amount of defendant's profits to be awarded, plaintiff has the initial burden of proving, by a preponderance of the evidence, defendant's gross sales revenue resulting from the infringement in United States commerce.

Defendant then has the burden of proving, by a preponderance of the evidence, the amount of expenses that should be deducted from gross sales revenue to determine profit, and any portion of his profit he alleges is attributable to factors other than use of the infringing trademark.

Unless you find that defendant proved that a portion of the profit from the sale of the products using the infringing trademark is attributable to factors other than use of the trademark, you shall find that the total profit is attributable to the infringement.

**Authority:**

ABA Litigation Section - Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation (2008) §§ 2.8.4 and 2.8.6

*Love v. Sanctuary Records Group, Ltd.,* slip opinion, 2010 U.S. App. LEXIS 13954 (9th Cir. July 8, 2010)

**Defendant/Counterclaimant Horizonte's Jury Instruction No.**
**Copyright Infringement - Plaintiff's Actual Damages**

Actual damages are intended to compensate a copyright owner for losses due to the infringement. Actual damages include any profits plaintiff may have lost due to the infringement in the United States, including but not limited to sales of the copyrighted work, and/or a reasonable license fee that defendant would have or should have paid for the use. You should broadly construe actual damages to favor victims of infringement, keeping in mind that a principal objective of copyright law is to enable creators to earn a living through the sale or licensing of their copyrighted works.

**Authority:**

ABA Litigation Section - Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation (2008) § 1.7.2.

*Foreign Imported Prods. & Publ., Inc. v. Grupo Indus. Hotelero, S.A.,* 2008 U.S. Dist. LEXIS 108705, 13-14 (S.D. Fla. Oct. 24, 2008)

**Defendant/Counterclaimant Horizonte's Jury Instruction No.**
**Copyright Infringement - Infringer's Profits**

In addition to her actual damages, plaintiff also is entitled to defendant's profits that are attributable to the infringement, to the extent not already taken into account in computing plaintiff's actual damages. If defendant's profits have been accounted for in the award of actual damages, to avoid double recovery, a separate award of defendant's profits should not be made.

In establishing the amount of defendant's profits, plaintiff is required to present proof only of defendant's gross revenue and that there is some reasonable relationship, either direct or indirect, between those revenues and the infringement in the United States. Once these two elements are established, the burden of proof then shifts to defendant to reduce this amount. Defendant must then prove, by a preponderance of evidence, the amount of his deductible expenses, and other elements of profit attributable to factors other than the infringement.

In other words, you are to calculate the profits attributable to the infringement in the United States, if you find any, as defendant's gross revenues proven by plaintiff, less the costs and other elements that defendant proves are related to factors other than infringement. Such costs and other deductible amounts may include, for example, a reasonable portion of overhead expenses such as rent, marketing, and other business costs that are related to the production of the infringing product.

**Authority:**

ABA Litigation Section - Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation (2008) § 1.7.3.

*Foreign Imported Prods. & Publ., Inc. v. Grupo Indus. Hotelero, S.A.,* 2008 U.S. Dist. LEXIS 108705, 13-14 (S.D. Fla. Oct. 24, 2008)

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 6.5**
**One Satisfaction Rule / Set Off Damages Due to Recovery From Another Source**

As you have been instructed, compensatory damages are awarded to make a party whole for another party's wrongdoing.  However, a party may not recover damages twice for the same injuries or losses. Defendant Horizonte has asserted that Plaintiffs' damages should be reduced or set off by its recovery of monies from other sources for the same damages claimed in this case. If you find by a preponderance of the evidence that Plaintiffs have recovered some or all of the damages it is claiming in this case from other sources, you must reduce the amount of damages that may be awarded to Plaintiffs against Defendants.

**Authority:**

*Mercury Motors Express, Inc. v. Smith*, 393 So.2d 545 (Fla. 1981); *Bisque Associates v. Towers of Quayside No. 2 Condominium Assoc.,* 639 So.2d 997 (Fla. 3d DCA 1994); *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1276 (11th Cir. 2008)

**<u>Defendant/Counterclaimant Horizonte's Jury Instruction No. 6.6</u>**
**<u>Punitive Damages</u>**

Horizonte Ltda also claims that the acts of Platypus Wear were done with malice or reckless indifference to Horizonte' rights so as to entitle Horizonte Ltda to an award of punitive damages in addition to compensatory damages. If you find for the Horizonte, and if you further find that Platypus Wear did act with malice or reckless indifference to the rights of others, the law would allow you, in your discretion, to assess punitive damages against Platypus Wear as punishment and as a deterrent to others. If you find that punitive damages should be assessed against Platypus Wear, you may consider the financial resources of Platypus Wear in fixing the amount of such damages.

**Authority:**

11th Cir Pattern Jury Instructions

<u>**Defendant/Counterclaimant Horizonte's Jury Instruction No. 6.7**</u>
<u>**Attorneys Fees And Court Costs**</u>

If you find for the Plaintiff Platypus Wear or Counterclaimant Horizonte Ltda you must not take into account any consideration of attorneys' fees or court costs in deciding the amount of each party's damages. The matter of attorney's fees and court costs will be decided later by the Court.

**Authority:**

11th Cir Pattern Jury Instructions 6.1

**<u>Defendant/Counterclaimant Horizonte's Jury Instruction No. 7.1</u>**
**<u>Duty To Deliberate When Both Plaintiff And Defendant Claim Damages</u>**

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone. It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with. Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Authority:**

11th Cir Pattern Jury Instructions 7.2

**Defendant/Counterclaimant Horizonte's Jury Instruction No. 7.2**
**Verdict Based On Evidence**

Your verdict must be based on the evidence that has been received, and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against any party.

**Authority:**

11th Cir Pattern Instructions 7.1

**Defendant/Counterclaimant Horizonte's Jury Instruction No.7.3**
**Election Of Foreperson**
**Explanation Of Verdict Form(s)**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

**Authority:**

11th Circuit Pattern Instruction no. 8.